JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Durant T. Tisdale

**DEFENDANTS**
City of Phila., P/O Timothy Gibson, P/O David Sherwood

(b) County of Residence of First Listed Plaintiff Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Michael I. McDermott, Esq., - 1026 Winter St., Suite 200, Phila., PA 19107 - 215-925-9732

Attorneys *(If Known)*
Aaron Shotland

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
X 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
X 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
Other:
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
X 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 1983

Brief description of cause:
Civil Rights Violation under 42 U.S.C. Sec. 1983

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ____ DOCKET NUMBER ____

DATE 9/16/15
SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**Durant T. Tisdale**
**4262 N. Franklin Street**
**Philadelphia, PA 19140**
**Plaintiff**

**Civil Action**

**NO: _______________**

**V.**

**The City of Philadelphia**
**Law Department**
**1515 Arch Street**
**14th Floor**
**Philadelphia, PA 19104**
**and**
**Police Officer Timothy Gibson**
**Badge#: 4742**
**1515 Arch Street**
**14th Floor**
**Philadelphia, PA 19104**
**and**
**Police Officer David Sherwood**
**Badge# 714**
**1515 Arch Street**
**14th Floor**
**Philadelphia, PA 19104**

**Defendants**

Formerly

**Court of Common Pleas**
**Philadelphia County**
**Trial Division – Civil**
**July Term 2015**
**No. 000250**

**NOTICE OF REMOVAL**

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, City of Philadelphia, P/O Timothy Gibson and P/O David Sherwood(hereinafter "petitioners") through their counsel, Aaron Shotland, Assistant City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendants state the following:

1. In July 2015, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, July 2015, No. 000250. (Exhibit A - Complaint).

2. On September 3, 2015, said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3. Plaintiff alleges that on July 5, 2013, he sustained damages when his civil rights were violated by the defendants. (Exhibit A ).

4. This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983. (Exhibit A)

**Wherefore,** petitioners, City of Philadelphia, P/O Timothy Gibson and P/O David Sherwood, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Craig Straw
Chief Deputy City Solicitor

**AARON SHOTLAND**
**Assistant City Solicitor**
**Attorney I.D. No. 205916**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5434

Date: 9/16/15

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**Durant T. Tisdale**
**4262 N. Franklin Street**
**Philadelphia, PA 19140**
**Plaintiff**

**V.**

**The City of Philadelphia**
**Law Department**
**1515 Arch Street**
**14th Floor**
**Philadelphia, PA 19104**
**and**
**Police Officer Timothy Gibson**
**Badge#: 4742**
**1515 Arch Street**
**14th Floor**
**Philadelphia, PA 19104**
**and**
**Police Officer David Sherwood**
**Badge# 714**
**1515 Arch Street**
**14th Floor**
**Philadelphia, PA 19104**

**Defendants**

**Civil Action**

**NO: ________________**

Formerly

**Court of Common Pleas**
**Philadelphia County**
**Trial Division – Civil**
**July Term 2015**
**No. 000250**

**FILING OF REMOVAL**

TO: Michael I. McDermott, Esquire
1026 Winter Street, Suite 200
Philadelphia, PA 19107

PLEASE TAKE NOTICE THAT on September 17, 2015, defendants, City of Philadelphia, P/O Timothy Gibson and P/O David Sherwood filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

**AARON SHOTLAND**
**Assistant City Solicitor**
**Attorney I.D. No. 205916**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5434

**IN THE UNITED STATES DISTRICT COURT FOR**

**THE EASTERN DISTRICT OF PENNSYLVANIA**

**Durant T. Tisdale**
**4262 N. Franklin Street**
**Philadelphia, PA 19140**
**Plaintiff**

**Civil Action**

**NO: _______________**

**V.**

**The City of Philadelphia**
**Law Department**
**1515 Arch Street**
**14th Floor**
**Philadelphia, PA 19104**
**and**
**Police Officer Timothy Gibson**
**Badge#: 4742**
**1515 Arch Street**
**14th Floor**
**Philadelphia, PA 19104**
**and**
**Police Officer David Sherwood**
**Badge# 714**
**1515 Arch Street**
**14th Floor**
**Philadelphia, PA 19104**

**Defendants**

Formerly

**Court of Common Pleas**
**Philadelphia County**
**Trial Division – Civil**
**July Term 2015**
**No. 000250**

**CERTIFICATE OF SERVICE**

I, Aaron Shotland, Assistant City Solicitor do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO: Michael I. McDermott, Esquire
1026 Winter Street, Suite 200
Philadelphia, PA 19107

**Aaron Shotland**
**Assistant City Solicitor**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5434

Date: 9/16/15

Exhibit "A"

Michael I. McDermott, Esquire
ID No. 52917
1026 Winter Street
Suite 200
Philadelphia, PA 19107
(215) 925-9732

Attorney for Plaintiff,
Durant T. Tisdale

| | | |
|---|---|---|
| DURANT T. TISDALE<br>4262 N. Franklin Street<br>Philadelphia, Pa 19140<br><br>vs.<br><br>THE CITY OF PHILADELPHIA<br>LAW DEPARTMENT<br>1515 Arch Street<br>14th Floor<br>Philadelphia, PA 19104<br>and<br>POLICE OFFICER TIMOTHY GIBSON<br>Badge #: 4742<br>1515 Arch Street<br>14th Floor<br>Philadelphia, PA 19104<br>and<br>POLICE OFFICER DAVID SHERWOOD<br>Badge #: 714<br>1515 Arch Street<br>14TH Floor<br>Philadelphia, PA 19104 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>JULY TERM, 2015<br>NO. 000250 |

**COMPLAINT**
**JURISDICTION**

1. This action is brought pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code 1331 and 1343 (1) (3) and (4) and under the common law of the Commonwealth of Pennsylvania.. Plaintiff further invokes the supplemental jurisdiction under 28 United States Code Section 1376(a) to hear and decide claims under state law.

2. It is alleged that on or about July 6, 2013 at approximately 11:00 p.m. at 1000 West Arizona Street, Philadelphia, PA, Philadelphia Police Officers Gibson and Sherwood unlawfully, without probable cause and/or a warrant detained, arrested and criminally charged the plaintiff in violation of the Fourth and Fourteenth Amendments.

## PARTIES

3. Plaintiff Durant T. Tisdale is a citizen of the Commonwealth of Pennsylvania residing at 4262 N. Franklin Street, Philadelphia, PA 19104.

4. Defendant, City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls with its principal place of business located at 1515 Arch Street, 14th Floor, Philadelphia, PA 19104.

5. Defendant, Police Officer Timothy Gibson Badge #: 4742 is a police officer employed by defendant, City of Philadelphia and was acting at all times under the color of state law, which has its business address at 1515 Arch Street, 14th Floor, Philadelphia, PA 19104. He is being sued in both his individual and official capacity.

6. Defendant, Police Officer David Sherwood, Badge #.: 714 is a police officer employed by defendant, City of Philadelphia and was acting at all times under the color of state law, which has its business address at 1515 Arch Street, 14th Floor, Philadelphia, PA 19104. He is being sued in both his individual and official capacity.

7. All of the acts alleged to have been done, or not to have been done herein were done by the defendants and/ or by their agents, employees, servants, and/or workmen acting within the scope of their employment and/or agency by and on behalf of the defendants.

## FACTS

8. Paragraphs 1 through7 are incorporated herein by reference as though fully set forth at length.

9. On or about July 5, 2013 at approximately 11:00 p.m. at 1000 West Arizona Street, Philadelphia Police Officers Gibson and Sherwood where allegedly told by a witness that the plaintiff stole a metal railing from 2220 N. Delhi Street, Philadelphia, PA.

10. On or about July 5, 2013 at approximately 11:00 p.m. at 1000 West Arizona Street, Philadelphia Police Officers Gibson and Sherwood detained and arrested the plaintiff.

11. On or about July 5, 2013 at approximately 11:00 p.m. at 1000 West Arizona Street, Philadelphia Police Officers Gibson and Sherwood did not have a warrant to arrest the plaintiff.

12. On or about July 5, 2013 at approximately 11:00 p.m. at 1000 West Arizona Street, Philadelphia Police Officers Gibson and Sherwood did not observe the defendant commit any crime that would constitute a felony, misdemeanor and/or summary.

13. On or about July 5, 2013 at approximately 11:00 p.m. at 1000 West Arizona Street, Philadelphia Police Officers Gibson and Sherwood did not recover from the plaintiff any evidence of a crime that would constitute a felony, misdemeanor and/or summary.

14. On or about July 5, 2013 at approximately 11:00 p.m. at 1000 West Arizona Street, Philadelphia Police Officers Gibson and Sherwood did not recover any evidence from the surrounding area implicating the plaintiff with any crime that would constitute a felony, misdemeanor and/or summary.

15. As a direct and proximate result of the actions or inactions of the defendants, plaintiff was charged with the following crimes; Theft by Unlawful Taking or Disposition, 18 Pa.C.S.A. Section 3921 Subsection A and Receiving Stolen Property, 18 Pa.C.S.A. Section 3925 Subsection A, which were dismissed on November 21, 2013.

16. Plaintiff remained in custody until August 8, 2015 when his bail was lowered to ROR, Release on Your Own Recognizance.

17. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania.

18. The actions and/or inactions of the defendants were done with the defendants' knowledge that the arrest was effectuated without legitimate cause or justification and done intentionally, maliciously and recklessly and in bad faith.

**COUNT ONE**

**41 U.S.C. Section 1983 Against City of Philadelphia**

**Deliberate Indifference**

19. Paragraphs 1 through18 are incorporated herein by reference as though fully set forth at length.

20. Prior to July 5, 2013 at approximately 11:00 p.m., the City of Philadelphia Police Department developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of citizens in the City of Philadelphia, which caused the violation of the Plaintiff's rights.

21. It was the policy and/or custom of the Philadelphia Police Department to deliberately disregard and/or ignore and/or avoid detection of acts of police officers against other citizens including the arrest and detention of citizens without probable cause and/or legal justification.

22. It was the policy and/or custom of the Philadelphia Police Department to inadequately supervise and train its police officers, including the police officers who arrested the plaintiff in the instant action, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of Philadelphia did not require appropriate in-service training or re-training of police officers who were known to have engaged in prior inappropriate behavior.

23. It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train its police officers, including the police officers who arrested the plaintiff in the instant action, to intervene against or provide a safe haven against constitution violations and misconduct committed by police officers against citizens.

24. As a result of the above described policies and customs, police officers of the Philadelphia Police Department, including the police officers who arrested the plaintiff in the instant action, believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

**COUNT TWO**

**41 U.S.C. Section 1983 Against the City of Philadelphia**

**Specific Knowledge of the Particular Threat**

25. Paragraphs 1 through 24 are incorporated herein by reference as though fully set forth at length.

26. Prior to July 5, 2013 at approximately 11:00 p.m. the City of Philadelphia Police Department developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of citizens in the City of Philadelphia, which caused the violation of the Plaintiff's rights.

27. It was the policy and/or custom of the Philadelphia Police Department to deliberately disregard and/or ignore and/or avoid detection of acts of police officers against citizens including arrests without probable cause and/or legal justification by disregarding notices and/or warnings that such behavior was being exhibited by members of the police department.

28. It was the policy and/or custom of the Philadelphia Police Department to inadequately supervise and train its administrative staff to take seriously, address and/or investigate reports of arrests without probable cause and/or legal justification.

**Supplemental Claims Against the City of Philadelphia**

29. Paragraphs 1 through 28 are incorporated herein by reference as though fully set forth.

30. Defendant, the City of Philadelphia negligently hired, retained and supervised the agents servants and/or workers including the administrative staff and police officer(s) of the Philadelphia Police Department who disregarded the warnings of impending violence to the plaintiff and permitted the arrest without probable cause and/or legal justification in the instant action under the laws of the Commonwealth.

31. As a result of the above actions the Plaintiff suffered the damages as aforesaid.

**COUNT THREE**

**41 U.S.C. Section 1983 Defendant Police Officers**

32. Paragraphs 1 through 31 are incorporated herein by reference as though fully set

forth at length.

33. The actions of the defendant police officers, acting under the color of state law, deprived plaintiffs, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from arrests without probable cause and/or legal justification and from malicious prosecution, and to due process.

34. By these actions, defendants have deprived plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. section1983.

35. As a result of the above actions the Plaintiff suffered the damages as aforesaid.

**COUNT THREE**

**41 U.S.C. Section 1983 Defendant Police Officers**

36. Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth at length.

33. The acts and conduct of all the defendants alleged in the above stated cause of action constitute false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, outrageous conduct, invasion of privacy, negligence, gross negligence, negligent hiring, retention and supervision under the laws of the Commonwealth of Pennsylvania, and this Court has jurisdiction to hear and adjudicate said claims.

**Wherefore**, Plaintiff requests the following relief:

(a) Compensatory damages;

(b) Punitive damages;

© Reasonable attorney's fees and costs;

(d) Interest; and

(e0 Such further relief as the Court deems just and proper.

Date: 9/2/15

Michael I. McDermott

Michael I. McDermott, Esquire
Identification No. 52917
1026 Winter Street -Suite 200
Philadelphia. PA 19107
(215) 925-9732

**VERIFICATION**

I hereby state that the statements made in the foregoing Complaint are true and correct to my best knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: 9.2.15

By: Durant T. Tisdale
Plaintiff, Durant T. Tisdale

Michael I. McDermott, Esquire
ID No. 52917
1026 Winter Street
Suite 200
Philadelphia, PA 19107
(215) 925-9732

Attorney for Plaintiff,
Durant T. Tisdale

| | | |
|---|---|---|
| DURANT T. TISDALE<br><br>vs.<br><br>THE CITY OF PHILADELPHIA<br>LAW DEPARTMENT<br>and<br>POLICE OFFICER TIMOTHY GIBSON<br>Badge #: 4742<br>and<br>POLICE OFFICER DAVID SHERWOOD<br>Badge #: 714 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br><br><br><br><br><br><br><br>JULY TERM, 2015<br>NO. 000250 |

**CERTIFICATE OF NOTICE**

And now, this 2nd day of September, 2015, I Michael I. McDermott, Esquire Attorney for Plaintiff, hereby certify that on this date, I served the within Plaintiff's Complaint upon the following person via electronic filing:

Rebecca Prosper, Esquire
Assistant City Solicitor
City Of Philadelphia
Law Department
1515 Arch Street
14th Floor
Philadelphia, PA 19104

By: [signature]
Michael I. McDermott, Esquire
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **4262 N. Franklin Street, Philadelphia, PA 19140**

Address of Defendant: **Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102**

Place of Accident, Incident or Transaction: **Philadelphia, PA**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)). Yes ☐ No ☒

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒
*RELATED CASE IF ANY:*

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☒

CIVIL: (Place in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act – Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All Other Federal Questions Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products liability - Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, Aaron Shotland, counsel of record do hereby certify:

☐ Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/17/2015 Aaron Shotland (Attorney-at-Law) 205916 (Attorney I.D. #)

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/17/2015 Aaron Shotland, Esquire (Attorney-at-Law) 205916 (Attorney I.D. #)

CIV. 609 (4/03)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**Durant T. Tisdale** | **Civil Action**

**v.**

**City of Philadelphia, and**
**Police Officer Timothy Gibson, and**
**Police Officer David Sherwood** | **No.**

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. ( **X** )

| 9/17/2015 | **Aaron Shotland, Esquire** | City of Phila., et al. |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| **(215) 683-5434** | **(215) 683-5397** | **aaron.shotland@phila.gov** |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02