IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DURANT T. TISDALE<br>4262 N. Franklin Street<br>Philadelphia, Pa 19140 | : <br> : <br> : <br> : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | : <br> : | |
| THE CITY OF PHILADELPHIA<br>LAW DEPARTMENT<br>1515 Arch Street<br>14th Floor<br>Philadelphia, PA 19104<br>and<br>POLICE OFFICER TIMOTHY GIBSON<br>Badge #: 4742<br>1515 Arch Street<br>14th Floor<br>Philadelphia, PA 19104<br>and<br>POLICE OFFICER DAVID SHERWOOD<br>Badge #: 714<br>1515 Arch Street<br>14TH Floor<br>Philadelphia, PA 19104 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>CIVIL ACTION<br>No. 15-5209 |

## AMENDED COMPLAINT
## JURISDICTION

1. This action is brought pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code 1331 and 1343 (1) (3) and (4) and under the common law of the Commonwealth of Pennsylvania.. Plaintiff further invokes the supplemental jurisdiction under 28 United States Code Section 1376(a) to hear and decide claims under state law.

2. It is alleged that on or about July 5, 2013 at approximately 11:40 p.m. at 1000 West Arizona Street, Philadelphia, PA, Philadelphia Police Officers Gibson and Sherwood unlawfully, without probable cause and/or a warrant detained, arrested and criminally charged the plaintiff in violation of the Fourth and Fourteenth Amendments.

## PARTIES

3. Plaintiff Durant T. Tisdale is a citizen of the Commonwealth of Pennsylvania residing at 4262 N. Franklin Street, Philadelphia, PA 19104.

4. Defendant, City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls Philadelphia Police Department with its principal place of business located at 1515 Arch Street, 14th Floor, Philadelphia, PA 19104.

5. Defendant, Police Officer Timothy Gibson Badge #: 4742 is a police officer employed by defendant, City of Philadelphia and was acting at all times under the color of state law, which has its business address at 1515 Arch Street, 14th Floor, Philadelphia, PA 19104. He is being sued in both his individual and official capacity.

6. Defendant, Police Officer David Sherwood, Badge #.: 714 is a police officer employed by defendant, City of Philadelphia and was acting at all times under the color of state law, which has its business address at 1515 Arch Street, 14th Floor, Philadelphia, PA 19104. He is being sued in both his individual and official capacity.

7. All of the acts alleged to have been done, or not to have been done herein were done by the defendants and/ or by their agents, employees, servants, and/or workmen acting within the scope of their employment and/or agency by and on behalf of the defendants.

## FACTS

8. Paragraphs 1 through7 are incorporated herein by reference as though fully set forth at length.

9. On or about July 5, 2013 at approximately 11:02 p.m., a witness via her cell phone reported to the Philadelphia Police Department that a male had removed a grate from her

neighbor's window, the neighbor's address being 2220 N. Delhi Street, Philadelphia, PA and the male placed the grate into a shopping cart and left the area.

10. The witness remained on the telephone with the Philadelphia Police Department and followed the male, who was pushing the shopping cart with the grate in the cart, until the police arrived.

11. The responding police officers, defendants, Philadelphia Police Officers Gibson and Sherwood met the witness at 1000 West Arizona Street; the witness told them that she was following the male with the shopping cart and pointed out the plaintiff as the male who took the grate.

12. The witness told the defendants, Philadelphia Police Officers Gibson and Sherwood that she was following the male who committed the theft and that he was pushing the shopping cart with the grate the entire time she was following him.

13. Google maps indicate that the address of 1000 Arizona Street Philadelphia, PA is no more than 2 minutes from the address of 2220 N. Delhi Street, Philadelphia, PA. A true and correct copy of Google maps is attached hereto as Exhibit "A".

14. As a result of the information provided by the witness, On or about July 5, 2013 at approximately 11:40 p.m. Police Officers Gibson and Sherwood detained and arrested the plaintiff at 1000 Arizona Street, Philadelphia, PA.

15. On or about July 5, 2013 at approximately 11:40 p.m. at 1000 West Arizona Street, Philadelphia, PA, Philadelphia Police Officers Gibson and Sherwood did not have a warrant to arrest the plaintiff.

16. On or about July 5, 2013 at approximately 11:40 p.m. at 1000 West Arizona Street, Philadelphia, PA, Philadelphia Police Officers Gibson and Sherwood did not observe the defendant commit any crime that would constitute a felony, misdemeanor and/or summary.

17. On or about July 5, 2013 at approximately 11:40 p.m. at 1000 West Arizona Street, Philadelphia, PA, Philadelphia Police Officers Gibson and Sherwood did not recover from the plaintiff any evidence of a crime that would constitute a felony, misdemeanor and/or summary including tools used to remove the grate, the grate itself and/or the shopping cart used to transport the grate.

18. On or about July 5, 2013 at approximately 11:40 p.m. at 1000 West Arizona Street, Philadelphia, PA, Philadelphia Police Officers Gibson and Sherwood did not recover any evidence from the surrounding area implicating the plaintiff with any crime that would constitute a felony, misdemeanor and/or summary, including tools used to remove the grate, the grate itself and/or the shopping cart used to transport the grate.

19. On or about July 5, 2013 at approximately 11:40 p.m. at 1000 West Arizona Street, Philadelphia, PA, plaintiff did not run when the police approached and cooperated with Philadelphia Police Officers Gibson and Sherwood answering all questions put to him.

20. On or about July 5, 2013 at approximately 11:40 p.m. at 1000 West Arizona Street, Philadelphia, PA, plaintiff informed the police officers that he had nothing to do with any alleged crime and that he had been at his job at Citizens Bank Park, where he was employed as a Power Washer making $9.50 per hour and even showed them his pay check.

21. As a direct and proximate result of the actions or inactions of the defendants, plaintiff was charged with the following crimes; Theft by Unlawful Taking or Disposition, 18 Pa.C.S.A. Section 3921 Subsection A and Receiving Stolen Property, 18 Pa.C.S.A. Section 3925 Subsection A, which were dismissed on November 21, 2013.

22. Plaintiff remained in custody until the matter was dismissed for lack of prosecution on November 21, 2013.

23. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania.

24. The actions and/or inactions of the defendants were done with the defendants' knowledge that the arrest was effectuated without legitimate cause or justification and done intentionally, maliciously and recklessly and in bad faith.

## COUNT ONE
### 41 U.S.C. Section 1983 Against City of Philadelphia
### Deliberate Indifference

25. Paragraphs 1 through 24 are incorporated herein by reference as though fully set

forth at length.

26. Prior to July 5, 2013 at approximately 11:00 p.m., the City of Philadelphia Police Department developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of citizens in the City of Philadelphia, which caused the violation of the Plaintiff's rights.

27. It was the policy and/or custom of the Philadelphia Police Department to deliberately disregard and/or ignore and/or avoid detection of acts of police officers against other citizens including the arrest and detention of citizens without probable cause and/or legal justification.

28. It was the policy and/or custom of the Philadelphia Police Department to inadequately supervise and train its police officers, including the police officers who arrested the plaintiff in the instant action, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of Philadelphia did not require appropriate in-service training or re-training of police officers who were known to have engaged in prior inappropriate behavior.

29. It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train its police officers, including the police officers who arrested the plaintiff in the instant action, to intervene against or provide a safe haven against constitution violations and misconduct committed by police officers against citizens.

30. As a result of the above described policies and customs, police officers of the Philadelphia Police Department, including the police officers who arrested the plaintiff in the instant action, believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

## COUNT TWO

### 41 U.S.C. Section 1983 Against the City of Philadelphia
### Specific Knowledge of the Particular Threat

31. Paragraphs 1 through 30 are incorporated herein by reference as though fully set forth at length.

32. Prior to July 5, 2013 at approximately 11:00 p.m. the City of Philadelphia Police Department developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of citizens in the City of Philadelphia, which caused the violation of the Plaintiff's rights.

33. It was the policy and/or custom of the Philadelphia Police Department to deliberately disregard and/or ignore and/or avoid detection of acts of police officers against citizens including arrests without probable cause and/or legal justification by disregarding notices and/or warnings that such behavior was being exhibited by members of the police department.

34. It was the policy and/or custom of the Philadelphia Police Department to inadequately supervise and train its administrative staff to take seriously, address and/or investigate reports of arrests without probable cause and/or legal justification.

## Supplemental Claims Against the City of Philadelphia

35. Paragraphs 1 through 34 are incorporated herein by reference as though fully set forth.

36. Defendant, the City of Philadelphia negligently hired, retained and supervised the agents servants and/or workers including the administrative staff and police officer(s) of the Philadelphia Police Department who disregarded the warnings of impending violence to the plaintiff and permitted the arrest without probable cause and/or legal justification in the instant action under the laws of the Commonwealth.

37. As a result of the above actions the Plaintiff suffered the damages as aforesaid.

## COUNT THREE
## 41 U.S.C. Section 1983 Defendant Police Officers

38. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth at length.

39. The actions of the defendant police officers, acting under the color of state law, deprived plaintiffs, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from arrests without probable cause and/or legal justification and from malicious prosecution, and to due process.

40. By these actions, defendants have deprived plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. section1983.

41. As a result of the above actions the Plaintiff suffered the damages as aforesaid.

## COUNT THREE
## 41 U.S.C. Section 1983 Defendant Police Officers

42. Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth at length.

43. The acts and conduct of all the defendants alleged in the above stated cause of action constitute false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, outrageous conduct, invasion of privacy, negligence, gross negligence, negligent hiring, retention and supervision under the laws of the Commonwealth of Pennsylvania, and this Court has jurisdiction to hear and adjudicate said claims.

**Wherefore**, Plaintiff requests the following relief:

(a)     Compensatory damages;
(b)     Punitive damages;
©     Reasonable attorney's fees and costs;
(d)     Interest; and
(e0     Such further relief as the Court deems just and proper.

Date: 10/15/15

*Michael I. McDermott* (signature)

Michael I. McDermott, Esquire
Identification No. 52917
1026 Winter Street -Suite 200
Philadelphia. PA 19107
(215) 925-9732

Exhibit "A"

Case 2:15-cv-05209-WB   Document 4   Filed 10/15/15   Page 10 of 12



From: 2220 N. delhi Sreet, Philadelphia PA    To: 1000 W. Arizona Street, Philadelphia    **Get Directions**
History                                                                                    History   Reverse Directions
☐ Avoid Tolls   ☐ Avoid Highways          Direction Type: Driving ▾

Connect using Facebook

Send Directions to Phone      Print Directions

Google Maps: 0.27 miles, 1.73 minutes



2220 N Delhi St, Philadelphia, PA 19133, USA

0.3 mi - about 2 mins

1. Head north on N Delhi St toward Dauphin St    381 ft
2. Turn right onto Dauphin St                    223 ft
3. Turn left at the 1st cross street onto N 9th St  358 ft
4. Turn left onto W Arizona St                   449 ft
   Destination will be on the left

1000 W Arizona St, Philadelphia, PA 19133, USA

Map data ©2015 Google



MapQuest: 3.4 miles, 11.7 minutes

### About Us

Simply tell us where you would like to go and we will compare routes from Google, Bing and Mapquest to get you there most efficiently.

### Contact Us

By: Emerge Media

Email Us | Privacy Policy | Terms & Conditions

Powered by Google Translate    Select Language ▾

### Quickest Route Percentages

| Google Maps | Bing Maps | MapQuest |
|---|---|---|
| 57% | 23% | 20% |

This shows what route is the quickest way the most often.



Directions.com
Like Page   195 likes

02  AB  ACT  AK  AL  AQUITAINE  AR  ARIZONA  ATTICA  AUCKLAND  AUK  AZ  BAY OF PLENTY  BB  BC  BE  BERLIN  BOP  BRU  BS  BW  BY  CA  CAGUAS  CALIFORNIA  CAMPANIA  CAROLINA  CB  CENTER DISTRICT  CO  COLORADO  COMMUNITY OF MADRID  CRETE  CT  DC  DE  DGO  DISTRICT OF COLUMBIA  DUBAI  DUBLIN  ENG  ENGLAND  FL  FLORIDA  FS  GA  GE  GEORGIA  GIRONA  GP  GRO  HAWKE'S BAY  HE  HI  HLAVNÍ M?STO PRAHA  HONG KONG ISLAND  IA  ID  IDF  IL  ILLINOIS  IN  INDIANA  IOWA  JAL  KENTUCKY  KS  KY  KZN  LA  LAZIO  LIGURIA  LOUISIANA  LP  LU  MA  MASSACHUSETTS  MB  MD  ME  MI  MICHIGAN  MISSOURI  MN  MO  MORAVIAN-SILESIAN REGION  MS  MT  NB  NC  NCR  ND  NE  NEW JERSEY  NEW TERRITORIES  NEW YORK  NH  NIR  NJ  NL  NM  NORTH CAROLINA  NORTHLAND  NS  NSW  NT  NV  NW  NY  OH  OHIO  OK  OKLAHOMA  ON  ONTARIO  OR  OTA  OTAGO  PA  PACA  PANAMA  PCH  PE  PENANG  PENNSYLVANIA  PIEDMONT  PR  PRIMORJE-G  QC  QLD  RAJSHAHI DIVISION  RI  SA  SAINT PETERSBURG  SAN JUAN  SANTIAGO METROPOLITAN REGION  SBG.  SC  SCT  SD  SICILIA  SICILY  SIN  SK  SLP  SOFALA  SON  SP  STOCKHOLM COUNTY  TAS  TE  TEXAS  TN  TUSCANY  TX  UPPER NORMANDY  UT  VA  VD  VENETO  VIC  VIRGINIA  VT  WA  WALLOON REGION  WASHINGTON  WC  WESTMEATH  WGN  WI  WLS  WV  WY  ZH

## **VERIFICATION**

I hereby state that the statements made in the foregoing Amended Complaint are true and correct to my best knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.


Dated: 10/15/15

By: _____
Plaintiff, Durant T. Tisdale

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DURANT T. TISDALE          :
                           :
        vs.                :
                           :
THE CITY OF PHILADELPHIA   :
    and                    :
POLICE OFFICER TIMOTHY GIBSON :
Badge #: 4742              :   CIVIL ACTION
    and                    :   No. 15-5209
POLICE OFFICER DAVID SHERWOOD :
Badge #: 714               :

## CERTIFICATE OF NOTICE

And now, this 15th day of October, 2015, I Michael I. McDermott, Esquire Attorney for Plaintiff, hereby certify that on this date, I served the within Plaintiff's Amended Complaint upon the following person via electronic filing:

> Aaron Shotland, Esquire
> Assistant City Solicitor
> City Of Philadelphia
> Law Department
> 1515 Arch Street
> 14th Floor
> Philadelphia, PA 19104

By: /s/ Michael I. McDermott
Michael I. McDermott, Esquire
Attorney for Plaintiff