# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DURANT TISDALE,** : | |
|         **Plaintiff,** : | |
| : | **Civil Action** |
|     v. : | **No. 15-5209** |
| : | |
| **CITY OF PHILADELPHIA et al.** : | |
| : | |
|         **Defendants.** : | |

## ORDER

**AND NOW,** this _____ day of _____, 2015, upon consideration of the Plaintiff's Motion for Default Judgment and Defendants' Opposition thereof, **IT IS ORDERED AND DECREED** that said motion is **DENIED**, as Defendants have filed their Answer with Affirmative Answers to the Complaint.

                                                **BY THE COURT:**

                                                _____

                                                The Honorable Wendy Beetlestone

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **DURANT TISDALE,** | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 15-5209 |
| | : | |
| **CITY OF PHILADELPHIA et al.** | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS CITY OF PHILADELPHIA, POLICE OFFICER TIMOTHY GIBSON AND POLICE OFFICER DAVID SHERWOOD'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**INTRODUCTION**

Defendants City of Philadelphia, Police Officer Timothy Gibson, and Police Officer David Sherwood, by and through undersigned counsel, hereby submit this Brief in opposition to plaintiff's Motion for Default Judgment pursuant to Fed.R.Civ.P. 55(b)2. Defendants respectfully request that this Honorable Court exercise its sound discretion and deny plaintiff's motion, pursuant to the applicable and controlling law set forth below, and allow defendants to proceed with their meritorious defenses against plaintiff's claims.

**STATEMENT OF FACTS**

Defendants acknowledge service of the Complaint on September 3, 2015. Defendants filed a Notice of Removal on September 18, 2015. Defendants filed a Motion to Dismiss Plaintiff's Complaint on October 2, 2015. Plaintiff then filed an Amended Complaint on October 15, 2015, along with his response to Defendants' Motion to Dismiss. This Court Ordered that Defendants' Motion to Dismiss was Denied as Moot

on October 19, 2015.  Defendants further acknowledge that the time period prescribed by the Federal Rules for filing an Answer is twenty days from the date of service. Defendants filed an Answer with Affirmative Defenses on December 29, 2015, the same day Plaintiff filed a Motion for Default.

**ARGUMENT**

Plaintiff seeks a judgment by default, a remedy that is disfavored by the Courts, because justice is best served by deciding cases on the merits, rather than by default. Momah v. Albert Einstein Med. Ctr., 161 F.R.D. 304, 307 (E.D. Pa. 1995).  The Third Circuit has explicitly stated it "does not favor default judgments and in a close case, doubts should be resolved in favor of . . . reaching the merits." Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987).  The Court has broad discretion in deciding whether to set aside a default judgment.  Momah, supra, 161 F.R.D. at 307.

The Third Circuit has articulated four factors a court must consider in deciding whether to set aside a default judgment. The factors are as follows: (1) whether the plaintiff will be prejudiced if the default judgment is set aside; (2) whether the defendant has a meritorious defense; (3) whether the default was the product of defendant's culpable conduct; and (4) whether alternative sanctions would be effective. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987); Natasha C. v. Visionquest, Ltd., 2003 U.S. Dist. LEXIS 14631, 3-5 (E.D. Pa. 2003).  For the reasons set forth below, application of these four factors to the facts of record in this case militates in favor of denying Plaintiff's motion for default

    **A.**    **Plaintiff Will Suffer No Prejudice**

First, the plaintiff will not be prejudiced if the court does not enter default judgment against the defendants.  "Prejudice" under the applicable case law requires plaintiff "to demonstrate that the plaintiff's claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors."  <u>Dizzley v. Friends Rehabilitation Program, Inc.</u>, 202 F.R.D. 146, 147-48 (E.D.Pa. 2001).  Plaintiff cannot point to any loss of evidence caused by the delay in timely responding to the complaint.  Plaintiff cannot point to an increased potential for fraud or collusion were this Court to deny his motion for default judgment.  Since a entry of default has not yet been entered, plaintiff certainly cannot demonstrate substantial reliance on an entry of default.  In fact, plaintiff cannot demonstrate any substantial factor that would amount to prejudice.  The fact that plaintiff will be required to litigate this civil action at a trial on the merits, rather than merely proceed by default, does not equate to prejudice under the law.  <u>See</u> <u>Choice Hotels International, Inc. v. Pennave Associates, Inc.</u>, 192 F.R.D. 171, 173-74 (E.D. Pa. 2000).  Plaintiff cannot identify the requisite prejudice, so his motion for default judgment should be denied.

      B.      **<u>Defendants Have Meritorious Defenses</u>**

Second, defendants have meritorious defenses to this lawsuit.  Indeed, defendants have filed their Answer with Affirmative Defenses, which identifies those defenses.  In any event, the rules governing entry of default judgment do not require the defaulting party 'to prove beyond a shadow of a doubt that [they] will win at trial, but merely to show that [they have] a defense to the action which at least has merit on its face."  <u>Dizzley</u>, <u>supra</u>, at 148; <u>see</u> <u>also</u> Fed. R. Civ. P. 55.

      **C.**     **Defendants Are Free of Any Culpable Conduct**

Third, "culpable conduct" in the context of entry of default is defined as "dilatory behavior that is willful or in bad faith." <u>Dizzley</u>, <u>supra</u>, at 148.  Courts have repeatedly held that more than mere negligence is required.   <u>Cassell v. City of Philadelphia Maintenance Co.</u>, 198 F.R.D. 67, 69 (E.D.Pa. 2000).  Stated differently, unless plaintiff can demonstrate by competent evidence that <u>the Defendants'</u> action in failing to answer the complaint sooner was willful, intentional, reckless, or in bad faith, "culpable conduct" does not exist.  See <u>Kauffman v. Cal Spas</u>, 37 F.Supp.2d 402, 404 (E.D.Pa. 1999) (emphasis added).  Negligence that has a dilatory result does not demonstrate dilatory intent or bad faith.  <u>Dickerson v. Borough of Wilkinsburg</u>, 2005 U.S. Dist. LEXIS 29324, *5 (W.D. Pa. 2005).  Absent a showing by plaintiff of a dilatory intent or bad faith, <u>as part of the record</u>, a default judgment should be set aside.  See <u>Id.</u> citing <u>Spurio v. Choice Sec. Sys., Inc.</u>, 880 F. Supp. 402, 404 (E.D. Pa. 1995) (emphasis added).

In this case, the delay in filing the Answer <u>was not</u> caused by any dilatory intent or motive on the part of the individual defendants.   Moreover, plaintiff will not be able to show, <u>as part of the record</u>, any evidence of dilatory intent or bad faith.  It is respectfully submitted, then, that the defendants should not personally suffer the adverse consequences of counsel's delay.

      **D.**     **Alternative Sanctions Can Be Imposed By The Court If Necessary.**

Should it be determined by this Honorable Court that alternative sanctions are appropriate for the delay in filing an answer to the plaintiff's complaint, the same are readily available.  A "default judgment should be a sanction of last, not first, resort." <u>Cassell</u>, <u>supra</u>, at 70.  This case has not proceeded beyond the earliest portion of the

pleading stage. In fact, the depositions of the parties in this matter are currently scheduled for January 8, 2015, by agreement of counsel. The Court has great latitude at this juncture in fashioning an alternative sanction if necessary. The undersigned counsel respectfully submits that no sanctions are warranted under these facts. Thus, defendants respectfully submit they have met the final requirement to Deny Plaintiff's Motion for Default Judgment.

**IV    CONCLUSION**

Defendants submit that based on the factual record in this matter, as well as the controlling case law, plaintiff's motion for the entry of default judgment should be denied.

Respectfully submitted,

/s/ Aaron Shotland
Aaron Shotland
Assistant City Solicitor
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
215-683-5434 ▪ (fax)215-683-5397

Date:  December 30, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DURANT TISDALE,** | : |
| **Plaintiff,** | : |
| | : Civil Action |
| v. | : No. 15-5209 |
| | : |
| **CITY OF PHILADELPHIA et al.** | : |
| | : |
| **Defendants.** | : |

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of defendants' Opposition to Plaintiff's Motion for Default Judgment has been filed on ECF and is available for viewing and downloading

Respectfully submitted,

/s/ Aaron Shotland
Aaron Shotland
Assistant City Solicitor
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
215-683-5434 ▪ (fax)215-683-5397

Date:  December 30, 2015