IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **DURANT TISDALE,** | : | |
| Plaintiff, | : | |
| | : | **Civil Action** |
| v. | : | **No. 15-5209** |
| | : | |
| **CITY OF PHILADELPHIA et al.** | : | |
| | : | |
| Defendants. | : | |

# ORDER

**AND NOW,** this _____ day of _____, 2016, upon consideration of the Defendants' Motion to Open Default and Plaintiff's Agreement thereto, **IT IS ORDERED AND DECREED** that said motion is **GRANTED**, and this matter shall proceed on the merits.

              **BY THE COURT:**

              _____
              The Honorable Wendy Beetlestone

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DURANT TISDALE,** : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 15-5209 |
| : | |
| **CITY OF PHILADELPHIA et al.** : | |
| : | |
| Defendants. : | |

**DEFENDANTS CITY OF PHILADELPHIA, POLICE OFFICER TIMOTHY GIBSON AND POLICE OFFICER DAVID SHERWOOD'S
<u>MOTION TO OPEN DEFAULT JUDGMENT</u>**

Defendants City of Philadelphia, Police Officer Timothy Gibson, and Police Officer David Sherwood, by and through undersigned counsel, hereby submit this Motion to Open Default pursuant to <u>Fed.R.Civ.P.</u> 55(c). Defendants respectfully request that this Honorable Court exercise its sound discretion and open the entry of default entered on January 6, 2016, and pursuant to the attached stipulation of the parties, and the controlling case law, allow defendants to proceed with their meritorious defenses against plaintiff's claims.

Respectfully submitted,

Date: January 8, 2016

<u>/s/ Aaron Shotland</u>
Aaron Shotland
Assistant City Solicitor
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
215-683-5434 ▪ (fax)215-683-5397

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **DURANT TISDALE,** | : | |
|         **Plaintiff,** | : | |
| | : | **Civil Action** |
|         v. | : | **No. 15-5209** |
| | : | |
| **CITY OF PHILADELPHIA et al.** | : | |
| | : | |
|         **Defendants.** | : | |

**DEFENDANTS CITY OF PHILADELPHIA, POLICE OFFICER TIMOTHY
GIBSON AND POLICE OFFICER DAVID SHERWOOD'S
MEMORANDUM IN SUPPORT OF MOTION TO OPEN DEFAULT**

**INTRODUCTION**

      Defendants City of Philadelphia, Police Officer Timothy Gibson, and Police Officer David Sherwood, by and through undersigned counsel, hereby submit this Memorandum in Support of Motion to Open Entry of Default pursuant to Fed.R.Civ.P. 55(c). Defendants respectfully request that this Honorable Court exercise its sound discretion and grant Defendants' Motion, pursuant to the applicable and controlling law set forth below, as well as the parties agreement in the attached Stipulation, and allow defendants to proceed with their meritorious defenses against plaintiff's claims.

**STATEMENT OF FACTS**

      Defendants acknowledge service of the Complaint on September 3, 2015. Defendants filed a Notice of Removal on September 18, 2015. Defendants filed a Motion to Dismiss Plaintiff's Complaint on October 2, 2015. Plaintiff then filed an Amended Complaint on October 15, 2015, along with his response to Defendants' Motion to

Dismiss.  This Court Ordered that Defendants' Motion to Dismiss was Denied as Moot on October 19, 2015.  Defendants further acknowledge that the time period prescribed by the Federal Rules for filing an Answer is twenty days from the date of service.  Defendants filed an Answer with Affirmative Defenses on December 29, 2015, the same day Plaintiff filed a Motion for Default.  This Honorable Court entered default on January 6, 2016.

**ARGUMENT**

Judgment by default is a remedy that is disfavored by the Courts, because justice is best served by deciding cases on the merits, rather than by default.  Momah v. Albert Einstein Med. Ctr., 161 F.R.D. 304, 307 (E.D. Pa. 1995).  The Third Circuit has explicitly stated it "does not favor default judgments and in a close case, doubts should be resolved in favor of . . . reaching the merits."  Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987).  The Court has broad discretion in deciding whether to set aside a default judgment.  Momah, supra, 161 F.R.D. at 307.

The Third Circuit has articulated four factors a court must consider in deciding whether to set aside a default judgment. The factors are as follows: (1) whether the plaintiff will be prejudiced if the default judgment is set aside; (2) whether the defendant has a meritorious defense; (3) whether the default was the product of defendant's culpable conduct; and (4) whether alternative sanctions would be effective. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987); Natasha C. v. Visionquest, Ltd., 2003 U.S. Dist. LEXIS 14631, 3-5 (E.D. Pa. 2003).  For the reasons set forth below, application of these four factors to the facts of record in this case militates in favor of setting aside the

default.  Additionally, Plaintiff has Stipulated that all four factors weigh in the Defendants' favor and agrees that the entry of default should be set aside.

### A.     Plaintiff Will Suffer No Prejudice

First, the plaintiff will not be prejudiced if the court sets aside the entry of default against the defendants.  "Prejudice" under the applicable case law requires plaintiff "to demonstrate that the plaintiff's claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors."  Dizzley v. Friends Rehabilitation Program, Inc., 202 F.R.D. 146, 147-48 (E.D.Pa. 2001).  Plaintiff agrees that he would not be prejudiced if the entry of default was set aside.  See Stipulation.

The fact that plaintiff will be required to litigate this civil action at a trial on the merits, rather than merely proceed by default, does not equate to prejudice under the law.  See Choice Hotels International, Inc. v. Pennave Associates, Inc., 192 F.R.D. 171, 173-74 (E.D. Pa. 2000).

### B.     Defendants Have Meritorious Defenses

Second, defendants have meritorious defenses to this lawsuit.  Indeed, defendants have filed their Answer with Affirmative Defenses, which identifies those defenses.  In any event, the rules governing entry of default judgment do not require the defaulting party 'to prove beyond a shadow of a doubt that [they] will win at trial, but merely to show that [they have] a defense to the action which at least has merit on its face."  Dizzley, supra, at 148; see also Fed. R. Civ. P. 55.  Furthermore, Plaintiff agrees that Defendants have meritorious defenses.  See Stipulation.

### C.     Defendants Are Free of Any Culpable Conduct

Third, "culpable conduct" in the context of entry of default is defined as "dilatory behavior that is willful or in bad faith." Dizzley, supra, at 148.  Courts have repeatedly held that more than mere negligence is required.   Cassell v. City of Philadelphia Maintenance Co., 198 F.R.D. 67, 69 (E.D.Pa. 2000).  Stated differently, unless plaintiff can demonstrate by competent evidence that the Defendants' action in failing to answer the complaint sooner was willful, intentional, reckless, or in bad faith, "culpable conduct" does not exist.  See Kauffman v. Cal Spas, 37 F.Supp.2d 402, 404 (E.D.Pa. 1999) (emphasis added).  Negligence that has a dilatory result does not demonstrate dilatory intent or bad faith.  Dickerson v. Borough of Wilkinsburg, 2005 U.S. Dist. LEXIS 29324, *5 (W.D. Pa. 2005).  Absent a showing by plaintiff of a dilatory intent or bad faith, as part of the record, a default judgment should be set aside.  See Id. citing Spurio v. Choice Sec. Sys., Inc., 880 F. Supp. 402, 404 (E.D. Pa. 1995) (emphasis added).

In this case, the delay in filing the Answer was not caused by any dilatory intent or motive on the part of the individual defendants.   Moreover, Plaintiff agrees that Defendants are not culpable.  See Stipulation.  It is respectfully submitted, then, that the defendants should not personally suffer the adverse consequences of counsel's delay.

### D.      Alternative Sanctions Can Be Imposed By The Court If Necessary.

Should it be determined by this Honorable Court that alternative sanctions are appropriate for the delay in filing an answer to the plaintiff's complaint, the same are readily available.  A "default judgment should be a sanction of last, not first, resort." Cassell, supra, at 70.  The Court has great latitude at this juncture in fashioning an alternative sanction if necessary.  The undersigned counsel respectfully submits that no sanctions are warranted under these facts, and Plaintiff agrees.  See Stipulation.  Thus,

defendants respectfully submit they have met the final requirement to open the entry of default.

**IV****CONCLUSION**

Defendants submit that based on the factual record in this matter, as well as the controlling case law, and Plaintiff's agreement, the default entered by the Court on January 6, 2016 should be opened.  See Stipulation.

                         Respectfully submitted,

                         /s/ Aaron Shotland
                         Aaron Shotland
                         Assistant City Solicitor
                         City of Philadelphia Law Dept.
                         1515 Arch Street, 14th Floor
                         Philadelphia, PA 19102-1595
                         215-683-5434 ▪ (fax)215-683-5397

Date:  January 8, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DURANT TISDALE,** | : | |
| Plaintiff, | : | |
| | : | **Civil Action** |
| v. | : | **No. 15-5209** |
| | : | |
| **CITY OF PHILADELPHIA et al.** | : | |
| | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of defendants' Motion to Open Default has been filed on ECF and is available for viewing and downloading

                                                                                  Respectfully submitted,

                                                                              /s/ Aaron Shotland
                                                                              Aaron Shotland
                                                                              Assistant City Solicitor
                                                                              City of Philadelphia Law Dept.
                                                                              1515 Arch Street, 14th Floor
                                                                              Philadelphia, PA 19102-1595
                                                                              215-683-5434 ▪ (fax)215-683-5397

Date:  January 8, 2016