IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DURANT TISDALE,** : | |
|         **Plaintiff,** : | |
| : | **Civil Action** |
|     v. : | **No. 15-5209** |
| : | |
| **CITY OF PHILADELPHIA et al.** : | |
| : | |
|         **Defendants.** : | |

**ORDER**

And now, this _____ day of _____, _____, upon consideration of Defendants City of Philadelphia, Police Officer Timothy Gibson and Detective David Sherwood's Motion for Summary Judgment, and Plaintiff's response thereto, it is hereby **ORDERED and DECREED** that Defendants' Motion for Summary Judgment is granted and all of Plaintiff's claims are **DISMISSED** with prejudice.

BY THE COURT:

_____
Beetlestone, J.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DURANT TISDALE,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 15-5209** |
| : | |
| **CITY OF PHILADELPHIA et al.** : | |
| : | |
| Defendants. : | |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56

Defendants City of Philadelphia, Police Officer Timothy Gibson and Detective David Sherwood ("Defendants"), by and through the undersigned counsel, hereby file this Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Honorable Court's Policies and Procedures.

Pursuant to Local Rule 7.1(c) Defendant hereby incorporates by reference the attached Statement of Undisputed Facts and Memorandum of Law as though fully set forth at length.

Respectfully submitted,

Date: January 29, 2016              /s/ Aaron Shotland
                                    Aaron Shotland
                                    Pa. Attorney ID No. 205916
                                    City of Philadelphia Law Department
                                    1515 Arch Street, 14th Floor
                                    Philadelphia, PA 19102
                                    (215) 683-5434
                                    aaron.shotland@phila.gov

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DURANT TISDALE,** <br>    **Plaintiff,** <br> <br> v. <br> <br> **CITY OF PHILADELPHIA et al.** <br> <br>    **Defendants.** | **Civil Action** <br> **No. 15-5209** |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants City of Philadelphia, Police Officer Timothy Gibson and Detective David Sherwood ("Defendants"), by and through their undersigned counsel, hereby file this Memorandum of Law in support of their Motion for Summary Judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and Local Rule 7.1(c).

### I. Statement of Facts

Defendants incorporate their Statement of Undisputed Facts in support of their Motion for Summary Judgment, filed separately, as if fully set forth herein.

### II. Procedural History

On September 2, 2015, Plaintiff, Durant Tisdale, initiated this lawsuit by filing a Civil Complaint in the Pennsylvania Court of Common Pleas. Defendants filed a notice of removal to Federal Court on September 18, 2015. Plaintiff filed an Amended Complaint on October 16, 2015. In his Amended Complaint, Plaintiff alleges that Defendant City of Philadelphia is deliberately indifferent to violations of civil rights (Counts I and II), that Officer Gibson and Detective Sherwood subjected him to an unlawful stop, detention, and/or arrest, and malicious

3

prosecution in violation of the Fourth Amendment to the United States Constitution (Count III), and a variety of state law claims including state common law false arrest, false imprisonment malicious prosecution, intentional infliction of emotional distress, invasion of privacy and negligence (Count IV[1]). See Amended Complaint, ECF Doc. 6. For the reasons discussed below, Plaintiff's claims against Defendants fail as a matter of law.

**III. Legal Standard**

The court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. See id. All inferences must be drawn, and all doubts resolved in favor of the non-moving party. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985).

On motion for summary judgment, the moving party bears the initial burden of identifying these portions of the record that it believes demonstrate the absence of material fact disputes. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the moving party, and may not rest on mere denials. See id. at 321, n.3; First Natl. Bank of Pa. v. Lincoln Natl. Life Ins. Co., 824 F.2d 277, 282 (3d Cir. 1987).

---

[1] Plaintiff's Amended Complaint contains two Count IIIs. Defendants will address Plaintiff's second Count III as Count IV.

4

In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, the non-moving party must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." Celotex, 477 U.S. at 322-24.  The non-moving party must adduce more than a mere scintilla of evidence in its favor to defeat the moving party's summary judgment motion.  See Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989).  Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party." Schwartz v. Hospital of Univ. of Pa., 1993 WL 153810 at *2 (E.D. Pa. May 7, 1993).  Furthermore, "[p]laintiff cannot simply reassert factually unsupported allegations in its pleadings." Poles v. St. Joseph's Univ., 1995 WL 542246 at *5 (E.D. Pa. Sept. 11, 1995) (citing Celotex, 477 U.S. at 325).

## IV. Argument

### 1. PLAINTIFF HAS FAILED TO ESTABLISH A VIABLE CAUSE OF ACTION AGAINST THE CITY OF PHILADELPHIA.

There is no *respondeat superior* liability under Section 1983.  A municipality can only be liable under § 1983 when the municipality itself **causes** the complained-of violation.  Monell v. Department of Social Services, 436 U.S. 658 (1978).  To prevail against the City under § 1983, the plaintiff must prove that his rights were "violated as a result of a municipal policy or custom of deliberate indifference" to the rights of its citizens.  Estate of Henderson v. City of Philadelphia, 1999 U.S. Dist. LEXIS 10367 *54-55 (E.D. Pa. 1999) (citing Simmons v. City of Philadelphia, 947 F.2d 1042, 1064 (3d Cir. 1991)).  A municipality may be liable under § 1983 if its policy or well-settled custom causes a constitutional injury.  Monell, 436 U.S. at 694.  "A

5

plaintiff seeking damages from a municipality must prove that municipal policymakers established or maintained a policy or custom which caused a municipal employee to violate the plaintiff's constitutional rights; the policy must be the "moving force" behind the constitutional tort." Estate of Henderson, 1999 U.S. Dist. LEXIS 10367 at *55.

To establish Monell liability, "a plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between the execution of the policy and the injury suffered." Losch v. Borough of Parkesburg, 736 F.2d 903, 910 (3d Cir. 1984); Martin v. City of Philadelphia, et al, 2000 U.S. Dist. Lexis 10242, at *17 (E.D. Pa. 2000). Plaintiff must "present scienter-like evidence of indifference on part of a particular policymaker or policymakers." Simmons, 947 F.2d at 1060-61.

In the absence of any unconstitutional statute or rule, it is plaintiffs' burden to articulate a factual basis that demonstrates considerably more proof than a single incident. House v. New Castle County, 824 F.Supp. 477, 486 (D.Del. 1993) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (a single prior incident is insufficient as a matter of law to establish liability on the part of a municipality to take preventive action). Absent any evidence of a widespread pattern of deliberate indifference, Plaintiff's municipal liability claim must fail. Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995) (dismissing § 1983 action against municipality because the basis for liability consisted primarily of "vague assertions about the police department's failure to investigate other wrongdoings" and the incident in the case itself); Heron v. City of Philadelphia, 987 F. Supp. 400, 404 (E.D. Pa. 1997) (dismissing excessive force claim based on lack of evidence demonstrating policymaker's awareness of questionable policy).

Plaintiff alleges that the City failed to train and/or discipline the individual Defendants and otherwise acquiesced in the unconstitutional conduct of the individual Defendants. See

Plaintiff's Amended Complaint at ¶¶ 26-36.  First, Plaintiff has failed to conduct any substantial discovery regarding municipal liability.  Plaintiff has failed to produce any evidence that the City has failed to train, supervise, or discipline its police officers in any manner, or that the City permits police officers to violate citizens' Constitutional rights.  Second, to prove causation under Section 1983, plaintiffs must establish an affirmative link or plausible nexus between the described custom and his incarceration. Here, Plaintiff has produced no affirmative evidence that the City's alleged policies were a substantial factor in causing his alleged injuries.  There can be no municipal liability for a practice or policy that did not cause Plaintiff's injuries, even if it were unconstitutional. For these reasons, judgment should be entered in favor of the City of Philadelphia on Counts I and II of Plaintiff's Amended Complaint.

2. **PLAINTIFF'S 4TH AMENDMENT CLAIMS AND STATE LAW FALSE ARREST/IMPRISONMENT/MALICIOUS PROSECUTION CLAIMS FAIL**

   a. **Defendant Officer Timothy Gibson[2]'s Arrest of Plaintiff Was Made With Probable Cause Based On An Eye Witness's Allegations, Which Were Sufficient to Warrant A Reasonable Person to Believe an Offense Had Been Committed By Plaintiff.**

Claims of both false arrest and false imprisonment are predicated on an arrest made without probable cause in violation of the Fourth Amendment. Baker v. McCollan, 443 U.S. 137, 145 (1979); see also Groman v. Twp. Of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995). Conversely, an arrest supported by probable cause is not a constitutional violation and is therefore not a basis for an action under § 1983. Therefore, the threshold question is whether the Plaintiff was deprived of a right "secured by the Constitution and whether there was probable cause to arrest. Baker, 443

---

[2] Defendant Detective David Sherwood had no involvement in the physical arrest of Plaintiff.  His only involvement in this matter is he interviewed Police Officer Gibson and witness Brenda Lee, and prepared a Police Arrest Report ("PARS").  Sherwood Deposition Transcript, 106:11-106:16.

U.S. at 143-46 (arrests made on probable cause do not violate due process, and thus do not violate § 1983); Groman, 47 F.3d at 634 (noting that in order to prevail on a false arrest claim under § 1983 plaintiffs would have to prove police lacked probable cause to arrest).[3]

Generally, the existence of probable cause is a question of fact for the jury. Montgomery v. De Simone, 159 F.3d 120, 124 (3d Cir. 1998), citing Patzig v. O'Neil, 577 F.2d 841, 848 (3d Cir. 1978). However, if the evidence of probable cause, viewed in the light most favorable to the non-moving party, "reasonably would not support a contrary factual finding," the Court may find that probable cause existed as a matter of law. Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997). Summary judgment is appropriate if a reasonable jury could not conclude that the police lacked probable cause to arrest the plaintiff. Groman, 47 F.3d at 635.

Probable cause to arrest is present when "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995). In making this determination, Courts must consider "the totality of the circumstances presented, and assess the knowledge and information which the officers possessed at the time of arrest, coupled with the factual occurrences immediately precipitating the arrest." United States v. Stubbs, 281 F.3d 109, 122 (3d Cir. 2002). Importantly, the constitutionality of an arrest does not turn on whether the suspect actually committed a crime. Baker, 443 U.S. at 145-46 ("[T]he Constitution does not guarantee that only the guilty will be

---

[3] The Pennsylvania State Law Claim for false arrest is similarly defeated by a showing of probable case: A false arrest is defined as an arrest made without probable cause. McGriff v. Vidovich, 699 A.2d 797, 799 n. 3 (Pa. Commw. 1997). False imprisonment is the unlawful detention of another person. Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994). "An arrest based on probable cause would be justified, regardless of whether or not the individual arrested was guilty or not." Id.

arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted – indeed, for every suspect released.")

Generally, police may rely on the statements of a victim or eyewitness to a crime when making a probable cause determination as "it is well-established that when an officer has received . . . information from some person – normally the putative victim or an eyewitness – who it seems reasonable to believe is telling the truth, he has probable cause." United States v. Richards, No. 08-37, 2008 WL 3874302 at *2 (D.V.I. Aug. 15, 2008), citing Spiegel v. Cortese, 196 F.3d 171, 724 (7th Cir. 1999).  "It is surely reasonable for a police officer to base his belief in probable cause on a victim's reliable identification of an attacker" since "it is difficult to imagine how a police officer could obtain better evidence of probable cause than an identification by name of assailants provided by a victim, unless, perchance, the officer were to witness the crime himself." Richards, 2008 WL 3874302, at *2, citing Torchinsky v. Siwinski, 942 F.2d 257, 262 (4th Cir. 1991).

Though the Court of Appeals has declined to adopt the blanket rule that a victim's positive identification of her assailant is always sufficient by itself to establish probable cause, the Court recognizes that "a positive identification by a victim witness, without more, would usually be sufficient to establish probable cause," with the qualification that "independent exculpatory evidence or substantial evidence of the witness's own unreliability that is known by the arresting officers could outweigh the identification such that probable cause would not exist." Wilson v. Russo, 212 F.3d 781, 790 (3d Cir. 2000).

In this case, Police Officer Timothy Gibson, while working in full uniform and operating a marked police vehicle, received a radio call for a theft in progress from 2200 Delhi St. committed by a black male wearing a black shirt and white hat.  Gibson Interview, p. 5.  Upon

9

arriving at 1000 Arizona St., Officer Gibson observed Durant Tisdale and Brenda Lee, and Lee identified Tisdale as the offender who took a white grate from a basement window. Plaintiff's Deposition Transcript, p. 17:2-18:2, and p. 21:12-22:24, Complaint/Incident Report, p. 1 and Lee Interview, p.6. Durant Tisdale at that time, was wearing a black shirt and white hat, matching the flash description of the suspect. Gibson Deposition Transcript p. 86:15-86:21.

As a result of Durant Tisdale meeting the flash description of the suspect and Brenda Lee's positive identification, Police Officer Gibson placed Durant Tisdale under arrest. Police Officer Gibson's Deposition Transcript, p. 63:18-64:13. Brenda Lee was transported to East Detectives, where she was interviewed by Detective David Sherwood at 12:00am on July 6, 2013, and again implicated Durant Tisdale in the attempted theft of a window grate. Det. Sherwood Deposition Transcript, p. 107: 20-108:21 and Lee Interview, p. 6. Detective David Sherwood also interviewed Police Officer Gibson at 12:30am on July 6, 2013. Officer Gibson stated that while operating a marked police vehicle with Police Officer Whittaker, they received a radio call of a theft in progress from 2200 Delhi St and a flash report of a black male wearing a black shirt and white hat last seen in the area of 10th and Dakota. The officers surveyed the area and observed both Brenda Lee and Durant Tisdale. Brenda Lee stated to police that she observed Durant Tisdale take a white grate from the basement window of 2220 Delhi St. Brenda Lee assisted Officer Gibson in contacting the owner of the property, Brian Stewart by cell phone. Gibson Interview, p. 5. Detective David Sherwood then gathered all of the information provided by the officers and Ms. Lee, and submitted it to the District Attorney to make a decision on whether to charge Durant Tisdale. Det. Sherwood Deposition Transcript, p. 122:20-123:6

Based on Durant Tisdale meeting the flash description of the suspect and the information provided by eye witness Brenda Lee, Police Officer Gibson arrested Durant Tisdale. As he is permitted to do, Officer Gibson relied on Brenda Lee's allegations in placing Durant Tisdale under arrest. There is no evidence that Police Officer Gibson was aware of independent exculpatory evidence or substantial evidence of Brenda Lee's unreliability when he arrested Durant Tisdale. Officer Gibson simply took Brenda Lee's allegations at face value, and detained Durant Tisdale for further investigation into Brenda Lee's allegations.

Detective David Sherwood interviewed both Brenda Lee and Officer Gibson, and submitted the information he received to the District Attorney, which initiated charges against Durant Tisdale for theft. There is no evidence that Detective Sherwood ever stopped, detained, or arrested Durant Tisdale.

The information known to Officer Gibson at the time he arrested Durant Tisdale was that he responded to a radio call of a theft in progress, identified a suspect meeting the flash description, and identified an eye witness in Brenda Lee who stated that she saw Durant Tisdale steal a window grate belonging to her neighbor without that neighbor's permission. Those facts were sufficient to warrant a reasonable person to believe that Durant Tisdale had participated in the theft. Plaintiff has adduced no evidence that Officer Gibson had exculpatory evidence or reason to believe that Brenda Lee was lying.

There is no evidence to suggest that any action taken by Police Officer Gibson or Detective Sherwood violated Durant Tisdale's Fourth Amendment rights because probable cause existed for a reasonable officer to believe that a crime had been committed, therefore, Count III and the portions of Count IV of Plaintiff's Amended Complaint alleging false arrest and false imprisonment should be dismissed.

### b. Plaintiff's Claims for Malicious Prosecution Fail

In Albright v. Oliver, 510 U.S. 266 (1994), the Supreme Court addressed the burden of proof imposed upon a plaintiff in order to prevail in a malicious prosecution claim brought pursuant to § 1983. Plaintiff must demonstrate: 1) that the defendant initiated criminal proceedings; 2) the criminal proceedings ended in plaintiff's favor; 3) the proceedings were initiated without probable cause; and 4) that the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff has suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Id.; see also, DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3rd Cir, 2005)[4].

Plaintiff cannot satisfy all of these requirements, as he must, in order to prevail on his § 1983 malicious prosecution claim. As discussed above, Police Officer Gibson had sufficient facts within his knowledge to believe Durant Tisdale had stolen a window grate, and therefore had probable cause for the arrest. Additionally, Plaintiff has adduced no evidence that either Police Officer Gibson or Detective Sherwood's actions were taken for any purpose other than bringing Plaintiff to justice, or that they were motivated by malice. Finally, there is no evidence that either Police Officer Gibson or Detective Sherwood actually initiated the criminal

---

[4] The Pennsylvania State Court Claim for Malicious Prosecution has almost identical elements that Plaintiff fails to meet: In Bruch v. Clark, the Superior Court held:

> …[I]n an action for malicious prosecution, the plaintiff must prove that: (a) the defendant initiated the criminal proceedings against him without probable cause and primarily for a purpose unrelated to bringing an offender to justice, and (b) the proceedings terminated in plaintiff's favor. Shelton v. Evans, 292 Pa. Super. 228, 232, 437 A.2d 18, 20, (1981); see also Restatement (Second) Torts § 653; Neczypor v. Jacobs, 403 Pa. 303, 308-09, 169 A.2d 528, 531 (1961) (relying on Restatement (Second) Torts § 672).

352 Pa. Super. 225; 507 A.2d 854, 856 (1986). The plaintiff must also show that [his] prosecution was motivated by malice. Neczypor v. Jacobs, 403 Pa. at 308-309, 169 A.2d at 531, relying on Restatement (Second) Torts § 672.

12

proceedings brought against Durant Tisdale, as the evidence of record shows that it is the District Attorney that decided to initiate the criminal proceeding. Therefore, Plaintiff's malicious prosecution claim must fail and Counts III and IV of Plaintiff's Amended Complaint with respect to Federal and State Law Malicious Prosecution should be dismissed.

2. **PLAINTIFF'S STATE LAW CLAIMS OF INVASTION OF PRIVACY – CASTING IN A FALSE LIGHT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND NEGLIGENCE FAIL**

Police officers, as employees of the City of Philadelphia, enjoy the privileges and immunities available to the City of Philadelphia under the Political Subdivision Tort Claims Act ("Tort Claims Act"), 42 PA. CONS. STAT. § 8541 *et seq.* The Tort Claims Act provides:

> An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.

ID. at § 8545. The Tort Claims Act provides municipalities with general immunity from tort liability, as follows:

> Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

42 PA. CONS. STAT. ANN. § 8541. However, the Act provides for a limited waiver of this general immunity as follows:

> (a) *Liability imposed.* A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
>
> (1) The damages would be recoverable under common law or statute creating a cause of action if the injury were caused by a

13

person not having available a defense under section 8541 (relating to governmental immunity generally)…; and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitute a crime, actual fraud, actual malice or willful misconduct.

(b) *Acts which may impose liability.* The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(1) *Vehicle liability.*-- . . .;

(2) *Care, custody or control of personal property.*-- . . .;

(3) *Real property.*-- . . .;

(4) *Trees, traffic controls, and street lighting.*-- . . .;

(5) *Utility service facilities.*-- . . .;

(6) *Streets.*--. . .;

(7) *Sidewalks.*--. . .; and

(8) *Care, custody and control of animal.* --. . . .

42 PA. CONS. STAT. ANN. § 8542. These eight exceptions to immunity must be narrowly interpreted, given the expressed legislative intent to insulate local governments or political subdivisions from tort liability. Lockwood v. City of Pittsburgh, 751 A.2d 1136 (Pa. 2000); Snyder v. Harmon, 562 A.2d 307 (Pa. 1989); Love v. City of Philadelphia, 543 A.2d 531 (Pa. 1988); Mascaro v. Youth Study Center, 523 A.2d 1118 (Pa. 1987). Plaintiff's claims for negligence, gross negligence and negligent hiring, retention and supervision fall under none of the eight exceptions to immunity provided by the Tort Claims Act, and therefore should be dismissed.

Claims for intentional torts against municipal entities and their employees have been held to fall within none of the eight enumerated exceptions to local agency immunity. See, e.g.,

Smith v. School Dist., 112 F. Supp. 2d 417, 424 (E.D. Pa. 2000) (claims for intentional torts against municipal entities are barred by Pennsylvania law).

As a general proposition, plaintiff's intentional tort claims are barred by the Tort Claims Act, unless he produces sufficient evidence for a jury to determine that the Officers' conduct constituted actual malice or willful misconduct. 42 PA. CONS. STAT. ANN. § 8550; and see Renk v. City of Pittsburgh, 641 A.2d 289, 293-294 (Pa. 1984) (explaining the requisite state of mind of the arresting officer in determining whether or not his conduct constituted willful misconduct under 42 PA. CONS. STAT. § 8550).

Proof of willful misconduct requires proof that the defendant acted knowing that what he was doing was unlawful; i.e. "willful misconduct means that the actor desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue," so that such desire can be implied. Evans v. Philadelphia Transportation Co., 212 A.2d 440, 443 (Pa. 1965). "'[W]illful misconduct' "necessarily entail[s] actual prior knowledge of the [plaintiff's] peril," Id., and "must be carried out with the intention of achieving exactly that wrongful purpose." Jones v. City of Philadelphia, 893 A.2d 837, 843 (Pa. Commw. 2006), appeal denied, 589 Pa. 733, 909 A.2d 306 (2006); and see Cox v. Hackett, 2006 U.S. Dist. LEXIS 51473, *44 (E.D. Pa. 2006) (standard to be applied to police conduct than to that of other municipal employees, is that willful misconduct must be established *in addition* to the elements of an intentional tort) (emphasis in original), citing Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994). Gross negligence or recklessness is insufficient to substantiate a finding of "willful misconduct." McNeal v. Easton, 143 Pa. Commw. 151, 159, 598 A.2d 638, 642 (1991).

There is nothing in this record to suggest that any of Officer Gibson or Detective Sherwood's actions constituted willful misconduct. As discussed above, Officer Gibson

responded to a radio call regarding a theft, received an eye witness account of a crime, and based on the eye witness allegations, made an arrest. Plaintiff can point to no action taken by Officer Gibson that rises to the level of willful misconduct. Similarly, Plaintiff can point to no action taken by Detective David Sherwood that rises to the level of willful misconduct.

Additionally, a cause of action for invasion of privacy – false light may succeed where the plaintiff proves that the defendant gave "publicity that unreasonably placed the other in a false light before the public." Strickland v. University of Scranton, 700 A.2d 979, 987 (Pa. Super. 1997). A cause of action for invasion of privacy – false light may lie where there is proof of "a major misrepresentation of a person's character, history, activities or beliefs. . . that could reasonably be expected to cause a reasonable man to take serious offense." Rush v. Philadelphia Newspapers, Inc., 732 A.2d 648, 654 (Pa. Super. 1999). Plaintiff has adduced no evidence that either Officer Gibson or Detective Sherwood placed Plaintiff in a false light in front of the public or made a major misrepresentation about Plaintiff's character that would cause a reasonable person to take serious offense. In fact, there is no evidence that either Defendant made any kind of misrepresentation whatsoever. They merely relied on an eye witness account of a crime and responded accordingly. Therefore, Plaintiff's claims of false light – invasion of privacy should be dismissed.

    a. **Plaintiff's Intentional Infliction of Emotional Distress Claim Fails**

It is fundamental tort law that an injury is an element to be proven in a claim for intentional infliction of emotional distress. Kazatsky v. King David Memorial Park, Inc., 515 Pa. 183, 197 (1987). Therefore, in this case, Plaintiff must prove the existence of the alleged emotional distress by competent **medical** evidence; that is, "expert **medical** confirmation that the plaintiff actually suffered the claimed distress." Id. (emphasis added).

In *Kazatsky*, the Pennsylvania Supreme Court held:

> It is basic to tort law that an injury is an element to be proven. Given the advanced state of medical science, it is unwise and unnecessary to permit recovery to be predicated on an inference based on the defendant's "outrageousness" without expert medical confirmation that the plaintiff actually suffered the claimed distress. Moreover, the requirement of some objective proof of severe emotional distress will not present an unsurmountable [sic] obstacle to recovery. Those truly damaged should have little difficulty in procuring reliable testimony as to the nature and extent of their injuries. We therefore conclude that if section 46 of the Restatement is to be accepted in this Commonwealth, at the very least, existence of the alleged emotional distress must be supported by competent medical evidence. In this case no such evidence was presented and the record further reflects that neither Mr. nor Mrs. Kazatsky sought medical assistance.

Id. at 197 – 198. This requirement still stands in Pennsylvania. *See*, *Hackney v. Woodring*, 539 Pa. 266, 652 A.2d 291 (Pa. 1994) [reversing *Hackney v. Woodring*, 622 A.2d 286 (Pa. Super. 1993) based on *Kazatsky*].

Through discovery, Plaintiff has produced no competent **medical** evidence to prove emotional distress. Without such evidence, Plaintiff cannot prove an injury, an essential element of the tort of intentional infliction of emotional distress. For these reason, summary judgment must be granted in favor of Defendants on Count IV.

**WHEREFORE**, the Defendant respectfully requests that this Court grant his motion for summary judgment and enter judgment in favor of the Detective Perez as a matter of law.

Respectfully submitted,

Date: January 29, 2016         /s/ Aaron Shotland
                               Aaron Shotland
                               Pa. Attorney ID No. 205916
                               City of Philadelphia Law Department
                               1515 Arch Street, 14th Floor
                               Philadelphia, PA 19102

(215) 683-5434
aaron.shotland@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DURANT TISDALE,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 15-5209** |
| : | |
| **CITY OF PHILADELPHIA et al.** : | |
| : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a copy of Defendants' Motion for Summary Judgment to be filed electronically, such that the Motion is available for viewing and downloading from the ECF System.

Date: January 29, 2016             /s/ Aaron Shotland
                                    Aaron Shotland
                                    Pa. Attorney ID No. 205916
                                    City of Philadelphia Law Department
                                    1515 Arch Street, 14th Floor
                                    Philadelphia, PA 19102
                                    (215) 683-5434
                                    aaron.shotland@phila.gov