**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DURANT TISDALE | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO.: 15-cv-5209 |

## ORDER

**AND NOW**, this _____ day of _____, 2016, upon consideration of Defendants'
Motion for Summary Judgment and Plaintiff's response thereto, it is hereby **ORDERED** that
said Motion is **GRANTED** as to Counts I and II of Plaintiff's Complaint, which are hereby
dismissed and **DENIED** as to Count III of Plaintiff's Complaint.

BY THE COURT:

_____
J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DURANT TISDALE | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO.: 15-cv-5209 |

**PLAINTIFF'S ANSWER TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Durant Tisdale, by and through his counsel, Michael I. McDermott, Esquire, hereby answers Defendants' Statement of Undisputed Facts in Support of Their Motion for Summary Judgment, and in support thereof, avers as follows:

1. Admitted with clarification. By way of further answer, Brenda Lee told the police that she remained on the phone with the 911 operator and followed the plaintiff, Durant Tisdale and was still following him when she met the police at intersection of 11th and Arizona Streets, Philadelphia, PA. Ms. Lee could not tell the police where the grate and shopping cart where located. Lee interview, P.7. Neither the grate and/or shopping cart were recovered despite the police searching the area. Complaint/Incident Report, P.1.

2. Admitted with clarification. By way of further answer, Brenda Lee told the police that she remained on the phone with the 911 operator and followed the plaintiff, Durant Tisdale and was still following him when she met the police at the intersection of 11th and Arizona Streets, Philadelphia, PA. Ms. Lee could not tell the police where the grate and shopping cart where located. Lee interview, P.7. Neither the grate and/or shopping cart were recovered despite the police searching the area. Complaint/Incident Report, P.1.

Police Officer Timothy Gibson testified that the plaintiff did not have the grate, a shopping cart and/or any tools on or/about his person. Gibson Deposition Transcript, P. 24. Officer Gibson further testified that he never asked the witness, Brenda Lee what the plaintiff did with the grate and shopping cart. Gibson Deposition Transcript, p. 26. Police Officer Robert Whitaker never asked the witness, Brenda lee what the plaintiff did with the grate and shopping cart. Whitaker Deposition Transcript, p. 9. Philadelphia Detective David Sherwood did not ask the witness, Brenda Lee what the plaintiff did with the grate and shopping cart. Sherwood Deposition Transcript, p. 11.

3.  Admitted with clarification. By way of further answer, Brenda Lee described the plaintiff as wearing a white baseball hat turned backwards, black shirt and black pants. Lee interview, P.7. The Philadelphia Police Department Biographical Information Report does not have a clothing description filled out in reference to the plaintiff. Biographical Information Report. P.6.

4.  Admitted with clarification. By way of further answer, Brenda Lee described the plaintiff as wearing a white baseball hat turned backwards, black shirt and black pants. Lee interview, P.7. The Philadelphia Police Department Biographical Information Report does not have a clothing description filled out in reference to the plaintiff. Biographical Information Report. P.6. The plaintiff testified that at the time of his arrest at the intersection of 11th and Arizona Streets, Philadelphia, PA; he was wearing his Philadelphia Phillies work uniform, which consisted of a blue baseball cap with a red P on the front and his uniform shirt, a polo shirt with the Phillies emblem. Plaintiff changed his shirt prior to the arrest photo being taken because he was sleeping on the dirty floor of

the holding cell and that is why he was in the black t-shirt in his arrest photo. Plaintiff's Deposition Transcript, p. 18:1-20:6.

5.  Admitted with clarification. By way of further answer, Police Officer Timothy Gibson did not recover the grate and/or the shopping cart that plaintiff Durant Tisdale allegedly used to transport the grate. The police questioned plaintiff Tisdale and he responded that he didn't take and/or have the grate; that he was on parole and didn't want any trouble; and that he was on his way home from work. The police searched the area and did not find the grate and/or the shopping cart. Plaintiff's Deposition Transcript, p. 16: 9-17. Despite this lack of evidence, Police Officer, Gibson arrested the plaintiff placed him in custody.

6.  Admitted with clarification. By way of further answer, Brenda Lee told the police that she remained on the phone with the 911 operator and followed the plaintiff, Durant Tisdale and was still following him when she met the police at the intersection of 11th and Arizona Streets, Philadelphia, PA. Ms. Lee could not tell the police where the grate and shopping cart where located. Lee interview, P.7. Neither the grate and/or shopping cart were recovered despite the police searching the area. Complaint/Incident Report, P.1. Police Officer Timothy Gibson testified that the plaintiff did not have the grate, a shopping cart and/or any tools on or/about his person. Gibson Deposition Transcript, P. 24. Officer Gibson further testified that he never asked the witness, Brenda Lee what the plaintiff did with the grate and shopping cart. Gibson Deposition Transcript, p. 26. Police Officer Robert Whitaker never asked the witness, Brenda lee what the plaintiff did with the grate and shopping cart. Whitaker Deposition Transcript, p. 9. Philadelphia Detective

David Sherwood did not ask the witness, Brenda Lee what the plaintiff did with the garate and shopping cart. Sherwood Deposition Transcript, p. 11.

7. Admitted with clarification. By way of further answer, Brenda Lee told the police that she remained on the phone with the 911 operator and followed the plaintiff, Durant Tisdale and was still following him when she met the police at the intersection of 11th and Arizona Streets, Philadelphia, PA. Ms. Lee could not tell the police where the grate and shopping cart where located. Lee interview, P.7. Neither the grate and/or shopping cart were recovered despite the police searching the area. Complaint/Incident Report, P.1. Philadelphia Detective David Sherwood did not ask the witness, Brenda Lee what the plaintiff did with the grate and shopping cart. Sherwood Deposition Transcript, p. 11.

8. Admitted with clarification. By way of further answer, Brenda Lee described the plaintiff as wearing a white baseball hat turned backwards, black shirt and black pants. Lee interview, P.7. The Philadelphia Police Department Biographical Information Report does not have a clothing description filled out in reference to the plaintiff. Biographical Information Report. P.6. The plaintiff testified that at the time of his arrest at the intersection of 11th and Arizona Streets, Philadelphia, PA; he was wearing his Philadelphia Phillies work uniform, which consisted of a blue baseball cap with a red P on the front and his uniform shirt, a polo shirt with the Phillies emblem. Plaintiff changed his shirt prior to the arrest photo being taken because he was sleeping on the dirty floor of the holding cell and that is why he was in the black t-shirt in his arrest photo. Plaintiff's Deposition Transcript, p. 18:1-20:6.

9. Denied. To the contrary, the plaintiff was arrested and placed in custody at the intersection of 11th and Arizona Streets, Philadelphia, PA. Gibson Deposition Transcript, p. 11.

10. Admit.

Respectfully submitted:

*Michael I. McDermott*

Michael I. McDermott, Esquire
Identification No.: 52917
Attorney for Plaintiff
1026 Winter Street, Suite 200
Philadelphia, PA 19107
Date: February 19, 2016                    (215) 925-9732

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DURANT TISDALE | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO.: 15-cv-5209 |

**PLAINTIFF'S ANSWER TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

**TO THE HONORABLE, THE JUDGES OF THE SAID COURT:**

Plaintiff, Durant Tisdale, by and through his counsel, Michael I. McDermott, Esquire,

hereby answers Defendants' Motion for Summary Judgment:

Pursuant to Local Rule 7.1© Plaintiff hereby incorporates by reference the attached

Plaintiff's Answer to Defendants' Statement of Undisputed Facts in Support of Their Motion for

Summary Judgment.

Respectfully submitted:

Michael I. McDermott, Esquire
Identification No.: 52917
Attorney for Plaintiff
1026 Winter Street, Suite 200
Philadelphia, PA 19107
Date: February 19, 2016                    (215) 925-9732

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DURANT TISDALE | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO.: 15-cv-5209 |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S ANSWER TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE, THE JUDGES OF THE SAID COURT:**

Plaintiff, Durant Tisdale, by and through his counsel, Michael I. McDermott, Esquire, hereby answers Defendants' Motion for Summary Judgment, and in support thereof, avers as follows:

I.    **PRELIMINARY STATEMENT:**

**ISSUES PRESENTED:**

**A.**    Whether Count I and II of Plaintiff's Amended Complaint relating to claims against the City of Philadelphia only under the Civil Rights Act fails as a matter of law and therefore should be dismissed because the plaintiff has not produced any evidence proving that the City of Philadelphia under a respondeat superior theory and/or that the individual police defendants were acting pursuant an officially adopted custom of the City of Philadelphia?

**SUGGESTED ANSWER:** Yes.

**B.**      Whether Count III of Plaintiff's Amended Complaint relating to claims against Police Officer Timothy Gibson and Police Officer David Sherwood should be dismissed as a matter of law because the arresting officers had probable cause to arrest the plaintiff?

**SUGGESTED ANSWER:** No.

## II.      FACTUAL ALLEGATIONS:

Plaintiff incorporates by reference the attached Plaintiff's Answer to Defendants' Statement of Undisputed Facts in Support of Their Motion for Summary Judgment

## III.      LEGAL ARGUMENT:

**Issue A.** Plaintiff is in agreement with the defendants' argument as to the Defendant, City of Philadelphia's Motion for Summary Judgment and has no objection to this Honorable Court granting the motion as to Counts I and II of Plaintiff's Complaint.

**Issue B.** Defendants, Police Officer Timothy Gibson and Police Officer David Sherwood did not have probable cause to arrest the plaintiff and violated the plaintiff's civil rights under 42 U.S.C. section 1983.

Count III of plaintiff's complaint consists of claims under 42 U.S.C. section 1983 for false arrest and malicious prosecution. "To establish a claim under section 1983, a plaintiff must allege (1) a deprivation of a federally protected right, and (2) commission of the deprivation by one acting under color of state law." Lake v. Arnold, 112 F.3d 682,689 (3d Cir. 1987).

Probable cause exists for an arrest when, at the time of the arrest, the facts and circumstances are "sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." Sharrar v. Felsing. 128 F.3d 810, 817 (3d Cir. 1997). Probable cause need only exist as to any offense that could be charged under the circumstances. Graham v. Conner, 490 U.S. 386, 393 n. 6 (1989).   In determining whether probable cause

exists, the court should assess whether the objective facts available to the arresting officers at the time of the arrest were sufficient to justify a reasonable belief that an offense had been committed. Sharrar, 128 F.3d at 817. Courts apply a common sense approach based on the totality of the circumstances. Paff v. Kaltenbach, 204 F.3d 425, 436 (3d Cir, 2000).

The facts in the instant action do not constitute probable cause to arrest. The witness, Brenda Lee claims she saw the plaintiff take the grate, place the grate in a shopping cart and walk to 11th and Arizona Streets with her following the plaintiff. Despite her claims to the responding police, there is no physical evidence recovered by the police from the plaintiff and/or the surrounding area. No grate, no shopping cart, no tools on the plaintiff and no information from the witness as to where the grate and cart were located. Had the witness followed the plaintiff as she stated from the point of the theft to 11th and Arizona Streets, Ms. Lee would have known where the grate and cart were located.

Two Philadelphia Police Officers, Gibson and Whitaker, while on the scene didn't even interview the witness, Brenda Lee as to where the plaintiff hid the grate and cart and Philadelphia Detective Sherwood didn't even interview the witness about the location of the grate and cart.

Brenda Lee described the plaintiff as wearing a white baseball hat turned backwards, black shirt and black pants. Lee interview, P.7. The Philadelphia Police Department Biographical Information Report does not have a clothing description filled out in reference to the plaintiff. Biographical Information Report. P.6. The plaintiff testified that at the time of his arrest at the intersection of 11th and Arizona Streets, Philadelphia, PA; he was wearing his Philadelphia Phillies work uniform, which consisted of a blue baseball cap with a red P on the front and his uniform shirt, a polo shirt with the Phillies emblem. Plaintiff changed his shirt prior to the arrest

photo being taken because he was sleeping on the dirty floor of the holding cell and that is why he was in the black t-shirt in his arrest photo. Plaintiff's Deposition Transcript, p. 18:1-20:6.

The police questioned plaintiff Tisdale and he responded that he didn't take and/or have the grate; that he was on parole and didn't want any trouble; and that he was on his way home from work. The police searched the area and did not find the grate and/or the shopping cart. Plaintiff's Deposition Transcript, p. 16: 9-17.  Despite this lack of evidence, Police Officer, Gibson arrested the plaintiff placed him in custody.

The actions of the police officers were clearly unreasonable and lacked common sense. How could they not have doubted the witness' statements when there was no physical evidence of any alleged crime. The officers even searched the surrounding area and did not locate the grate and/or cart. Qualified Immunity does not shield the police in the instant action. Qualified Immunity only shields police when "a reasonable officer could have believed (the arrest) to be lawful, in light of clearly established law and the information the officers possessed." Anderson v. Creighton, 483 U.S. 635(1987). The information the police were provided by the witness, Brenda Lee was contradicted by the complete lack of physical evidence.

Plaintiff has established a genuine issue of material fact as to the existence of probable cause to make an arrest.

## IV.    CONCLUSION:

Based on the forgoing, plaintiff respectfully requests that this court grant in part the Defendants Motion for Summary Judgment as to Counts I and II of Paintiff's Complaint, and deny in part the Defendants Motion for Summary Judgment as to Count III of Plaintiff's

Complaint.

Respectfully submitted:

Michael I. McDermott, Esquire
Identification No.: 52917
Attorney for Plaintiff
1026 Winter Street, Suite 200
Philadelphia, PA 19107
Date: February 19, 2016                    (215) 925-9732

## VERIFICATION

I, Michael I. McDermott, Esquire, attorney for plaintiff, hereby verify that the statements set forth herein are true and correct, to the best of my knowledge, information and belief.

The foregoing statements are made subject to the penalties of 18 P.A.C.S. §4904 relating to unsworn falsification to authorities.

Dated: February 19, 2016

Michael I. McDermott, Esquire

## PROOF OF SERVICE

I hereby certify that on February 19, 2016, a copy of the foregoing was filed electronically. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's system:

Service by electronic filing to:

Aaron Shotland, Esquire
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street
5th Floor,
Philadelphia, PA 19102

Michael I. McDermott, Esquire
Attorney Identification No.: 52917
Attorney for Plaintiff
1026 Winter Street
Suite 200
Philadelphia, PA 19107
(215) 925-9732

Date: February 19, 2016