IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DURANT TISDALE,** | : | |
| Plaintiff, | : | |
| | : | **Civil Action** |
| v. | : | **No. 15-5209** |
| | : | |
| **CITY OF PHILADELPHIA et al.** | : | |
| | : | |
| Defendants. | : | |

# ORDER

AND NOW, this _____ day of _____, 2016, upon consideration of Defendants City of Philadelphia, Police Officer Timothy Gibson and Detective David Sherwood's Motion for Summary Judgment, it is **HEREBY ORDERED** that the Motion is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____
Beetlestone, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DURANT TISDALE,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 15-5209** |
| : | |
| **CITY OF PHILADELPHIA et al.** : | |
| : | |
| Defendants. : | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants City of Philadelphia, Police Officer Timothy Gibson and Detective David Sherwood, by and through the undersigned counsel, hereby files this Reply in support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Honorable Court's Policies and Procedures.

Pursuant to Local Rule 7.1(c) Defendant hereby incorporates by reference the attached Memorandum of Law as though fully set forth at length.

Date: February 29, 2016                                   Respectfully submitted,

/s/ Aaron Shotland
Aaron Shotland, Esquire
Assistant City Solicitor
Pa. Attorney ID No. 205916
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5434

...

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DURANT TISDALE,** | : |
| Plaintiff, | : |
| | :    **Civil Action** |
| v. | :    **No. 15-5209** |
| | : |
| **CITY OF PHILADELPHIA et al.** | : |
| | : |
| Defendants. | : |

**<u>DEFENDANTS' REPLY STATEMENT OF UNDISPUTED MATERIAL FACTS</u>**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied. It is unclear what Plaintiff is denying. The record is clear that Detective Sherwood sent information to the District Attorney and the District Attorney ultimately made the decision to charge the Plaintiff. Det. Sherwood Deposition Transcript, p. 122:20-123:6

10. Admitted.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DURANT TISDALE,** : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 15-5209 |
| : | |
| **CITY OF PHILADELPHIA et al.** : | |
| : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**OFFICER GIBSON AND DETECTIVE SHERWOOD ARE ENTITLED TO QUALIFIED IMMUNITY**

Even assuming Plaintiff's Constitutional rights were violated, qualified immunity should nonetheless be granted to Officer Gibson and Detective Sherwood.  Government officials performing discretionary functions generally are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The doctrine of qualified immunity "seeks to ensure that defendants reasonably can anticipate when their conduct may give rise to liability by attaching liability only if the contours of the right violated are sufficiently clear that a reasonable official would understand that what he is doing violates that right." United States v. Lanier, 520 U.S. 259, 270-71 (1997) (internal quotations and citations omitted).  Qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law.'" Anderson v. Creighton, 483 U.S. 635, 638 (1987) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

4

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court discussed the two-step inquiry which should be used to determine whether police officers can be held liable for an alleged violation of plaintiff's constitutional rights.  Once it is established that a constitutional right has been violated, the Court should consider whether the officer reasonably believed his actions were legal under the circumstances.  See also Showers v. Spangler, 182 F.2d 165, 171 (3d Cir. 2000); Kim v. Gant, 1997 WL 535138 at *10 (E.D. Pa. 1997).

The doctrine of qualified immunity is intended to give ample room for reasonable but mistaken judgments by police officers.  See Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995).  As the Supreme Court pointed out in Saucier:

> The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct.  It is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts.  An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances.  If an officer's mistake as to what the law requires is reasonable, however, the officer is entitled to immunity defense.

Saucier, 121 S.Ct. at 2158.  The officer's subjective intent is immaterial to the qualified immunity question.  "Instead, 'whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." Showers, supra, 182 F.2d at 172 (quoting Anderson, supra).

Here, Plaintiff concedes that eye witness Brenda Lee accused him of attempting to steal a window grate out of her neighbor's house.  Ms. Lee called the police and positively identified Plaintiff at the arrest scene.  There can be no legitimate dispute that a reasonable police officer who knew these facts would believe it was constitutionally impermissible to place Plaintiff under

5

arrest based on Brenda Lee's allegations. Plaintiff highlights the lack of physical evidence which would conclusively show that Plaintiff committed the theft of the grate however, that type of evidence is not a required for a police officer to reasonably believe a crime has taken place. Plaintiff cites to no case law which supports the proposition that police officers may not rely on eye witness statements to establish the probable cause necessary to make an arrest.

Even if Plaintiff could prove Officer Gibson and Detective Sherwood violated a clearly established right, they are still entitled to qualified immunity because they "mistakenly but reasonably believed that their actions were constitutionally permissible." Hung v. Watford, No. 01-3580, 2002 WL 31689328, at *2 (E.D. Pa. Dec. 3, 2002). "If there is no genuine issue of fact as to whether defendant acted with such a reasonable but mistaken belief, then he is entitled to qualified immunity regardless of whether his actions actually were constitutional." Hung, 2002 WL31689328, at *2 (citing Saucier, 533 U.S. at 206). Here, there is absolutely no evidence that either Officer Gibson or Detective Sherwood acted without a reasonable belief that Plaintiff committed the theft. For the reasons stated, Officer Gibson and Detective Sherwood's actions are entitled to qualified immunity.

**Conclusion**

For the foregoing reasons, Defendants respectfully request this Honorable Court enter summary judgment in favor of Defendants and dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

*/s/ Aaron Shotland*

Aaron Shotland
Date: February 29, 2016                                         Assistant City Solicitor

6

                Civil Rights Unit
                City of Philadelphia Law Department

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DURANT TISDALE,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 15-5209** |
| : | |
| **CITY OF PHILADELPHIA et al.** : | |
| : | |
| Defendants. : | |

Aaron Shotland hereby certifies that service of a true and correct copy of the Defendants' Reply in Support of Their Motion for Summary Judgment was uploaded to ECF and is available for viewing and downloading.

Respectfully submitted,

Date: February 29, 2016

/s/ *Aaron Shotland*
Aaron Shotland, Esq.
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102