UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DURANT TISDALE | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO.: 15-cv-5209 |

## ORDER

**AND NOW**, this        day of              , 2016, upon consideration of Defendants' Motion for Summary Judgment and Plaintiff's response thereto, it is hereby **ORDERED** that said Motion is **GRANTED** as to Counts I and II of Plaintiff's Complaint, which are hereby dismissed and **DENIED** as to Count III of Plaintiff's Complaint.

BY THE COURT:

_____
J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DURANT TISDALE | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO.: 15-cv-5209 |

**PLAINTIFF'S ANSWER TO DEFENDANTS' DEFENDANTS REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE, THE JUDGES OF THE SAID COURT:**

Plaintiff, Durant Tisdale, by and through his counsel, Michael I. McDermott, Esquire, hereby answers Defendants' Motion for Summary Judgment:

Pursuant to Local Rule 7.1© Plaintiff hereby incorporates by reference the attached Plaintiff's Answer to Defendants' Statement of Undisputed Facts in Support of Their Motion for Summary Judgment.

Respectfully submitted:

*/s/ Michael I. McDermott*

Michael I. McDermott, Esquire
Identification No.: 52917
Attorney for Plaintiff
1026 Winter Street, Suite 200
Philadelphia, PA 19107
(215) 925-9732

Date: March 8, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DURANT TISDALE | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO.: 15-cv-5209 |

**PLAINTIFF'S REPLY TO DEFENDANTS' REPLY STATEMENT OF UNDISPUTED FACTS**

Plaintiff, Durant Tisdale, by and through his counsel, Michael I. McDermott, Esquire, hereby answers Defendants' Reply Statement of Undisputed Facts, and in support thereof, avers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied. To the contrary, the plaintiff was arrested and placed in custody at the intersection of 11th and Arizona Streets, Philadelphia, PA. Gibson Deposition Transcript, p. 11.

10. Admitted.

                                                         Respectfully submitted:

                                                         */s/ Michael I. McDermott*

                                                         Michael I. McDermott, Esquire
                                                         Identification No.: 52917
                                                         Attorney for Plaintiff
                                                         1026 Winter Street, Suite 200
                                                         Philadelphia, PA 19107
Date: March 8, 2016                              (215) 925-9732

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DURANT TISDALE | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO.: 15-cv-5209 |

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S ANSWER TO DEFENDANTS REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE, THE JUDGES OF THE SAID COURT:

Plaintiff, Durant Tisdale, by and through his counsel, Michael I. McDermott, Esquire, hereby answers Defendants Reply in Support of Their Motion for Summary Judgment and in support thereof, avers as follows:

I. **PRELIMINARY STATEMENT:**

**ISSUES PRESENTED:**

A. Whether Officer Gibson and Dectective Sherwood are Entitled to Qualified Immunity?

**SUGGESTED ANSWER:** No.

II. **FACTUAL ALLEGATIONS:**

Plaintiff incorporates by reference the attached Plaintiff's Answer to Defendants' Statement of Undisputed Facts in Support of Their Motion for Summary Judgment

### III. LEGAL ARGUMENT:

Defendants, Police Officer Timothy Gibson and Police Officer David Sherwood are not entitled to Qualified Immunity.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

"The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful …; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987). "[T]he salient question … is whether the state of the law [at the time of the conduct] gave respondents fair warning that their [conduct] was unconstitutional." Hope v. Pelzer, 536 U.S. 730, 741 (2002).

Unlawfulness can be apparent "even in novel factual circumstances." Hope v. Pelzer, 536 U.S. 730, 741 (2002); *see also* Groh v. Ramirez, 540 U.S. 551, 564 (2004) ("No reasonable officer could claim to be unaware of the basic rule, well established by our cases, that, absent consent or exigency, a warrantless search of the home is presumptively unconstitutional."); Halsey v. Pfeiffer, 750 F.3d 273, 296 (3d Cir. 2014) (holding that even though it had not previously decided on the viability of a stand-alone claim for fabrication of evidence, reasonable officers should have known that "they certainly could not fabricate inculpatory evidence"); Carman v. Carroll, 749 F.3d 192 (3d Cir. 2014)

These last three paragraphs come directly from the Comment and Footnote 90 of FEDCIV-JI3C 4.7.2, Model Civ. Jury Instr. 3rd Cir. 4.7.2 (2015), Chapter 4. Instructions for Civil Rights Claims Under Section 1983, 4.7.2 Section 1983 — Affirmative Defenses — Qualified Immunity.

The claim that is most often asserted against police is false arrest. Persons bringing this claim assert that police violated their Fourth Amendment right against unreasonable seizure. If the officer had probable cause to believe the individual had committed a crime, the arrest is reasonable and the Fourth Amendment has not been violated. Police can arrest without a warrant for a felony or misdemeanor committed in their presence. (Some states also allow warrantless arrests for misdemeanor domestic assaults not committed in the officer's presence.) Even if the information the officer relied upon later turns out to be false, the officer is not liable if he believed it was accurate at the time of the arrest. To prevail on a false arrest claim, the victim must show that the arresting officer lacked probable cause, that is, facts sufficient to cause a reasonable person to believe that a crime had been committed.

In the instant case, the arresting officer, Police Officer Timothy Gibson and Detective Sherwood should have understood that an arrest based on the witness' statement without any physical evidence being found at or near the location of arrest violates the plaintiff's constitutional rights. The defendants' actions were unreasonable under the circumstances and as a result they are not entitled to Qualified Immunity.

Probable cause exists for an arrest when, at the time of the arrest, the facts and circumstances are "sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." Sharrar v. Felsing. 128 F.3d 810, 817 (3d Cir. 1997).

Probable cause need only exist as to any offense that could be charged under the circumstances. Graham v. Conner, 490 U.S. 386, 393 n. 6 (1989). In determining whether probable cause exists, the court should assess whether the objective facts available to the arresting officers at the time of the arrest were sufficient to justify a reasonable belief that an offense had been committed. Sharrar, 128 F.3d at 817. Courts apply a common sense approach based on the totality of the circumstances. Paff v. Kaltenbach, 204 F.3d 425, 436 (3d Cir, 2000).

The facts in the instant action do not constitute probable cause to arrest. The witness, Brenda Lee claims she saw the plaintiff take the grate, place the grate in a shopping cart and walk to 11th and Arizona Streets with her following the plaintiff. Despite her claims to the responding police, there is no physical evidence recovered by the police from the plaintiff and/or the surrounding area. No grate, no shopping cart, no tools on the plaintiff and no information from the witness as to where the grate and cart were located. Had the witness followed the plaintiff as she stated from the point of the theft to 11th and Arizona Streets, Ms. Lee would have known where the grate and cart were located.

Two Philadelphia Police Officers, Gibson and Whitaker, while on the scene didn't even interview the witness, Brenda Lee as to where the plaintiff hid the grate and cart and Philadelphia Detective Sherwood didn't even interview the witness about the location of the grate and cart.

Brenda Lee described the plaintiff as wearing a white baseball hat turned backwards, black shirt and black pants. Lee interview, P.7. The Philadelphia Police Department Biographical Information Report does not have a clothing description filled out in reference to the plaintiff. Biographical Information Report. P.6. The plaintiff testified that at the time of his arrest at the intersection of 11th and Arizona Streets, Philadelphia, PA; he was wearing his Philadelphia

Phillies work uniform, which consisted of a blue baseball cap with a red P on the front and his uniform shirt, a polo shirt with the Phillies emblem. Plaintiff changed his shirt prior to the arrest photo being taken because he was sleeping on the dirty floor of the holding cell and that is why he was in the black t-shirt in his arrest photo. Plaintiff's Deposition Transcript, p. 18:1-20:6.

The police questioned plaintiff Tisdale and he responded that he didn't take and/or have the grate; that he was on parole and didn't want any trouble; and that he was on his way home from work. The police searched the area and did not find the grate and/or the shopping cart. Plaintiff's Deposition Transcript, p. 16: 9-17. Despite this lack of evidence, Police Officer, Gibson arrested the plaintiff placed him in custody.

The actions of the police officers were clearly unreasonable and lacked common sense. How could they not have doubted the witness' statements when there was no physical evidence of any alleged crime. The officers even searched the surrounding area and did not locate the grate and/or cart. Qualified Immunity does not shield the police in the instant action. Qualified Immunity only shields police when "a reasonable officer could have believed (the arrest) to be lawful, in light of clearly established law and the information the officers possessed." Anderson v. Creighton, 483 U.S. 635(1987). The information the police were provided by the witness, Brenda Lee was contradicted by the complete lack of physical evidence.

Plaintiff has established a genuine issue of material fact as to the existence of probable cause to make an arrest.

## IV.    CONCLUSION:

Based on the forgoing, plaintiff respectfully requests that this court grant in part the Defendants Motion for Summary Judgment as to Counts I and II of Plaintiff's Complaint, and

deny in part the Defendants Motion for Summary Judgment as to Count III of Plaintiff's Complaint.

        Respectfully submitted:

*Michael I. McDermott*

Michael I. McDermott, Esquire
Identification No.: 52917
Attorney for Plaintiff
1026 Winter Street, Suite 200
Philadelphia, PA 19107

Date: March 8, 2016      (215) 925-9732

## **VERIFICATION**

I, Michael I. McDermott, Esquire, attorney for plaintiff, hereby verify that the statements set forth herein are true and correct, to the best of my knowledge, information and belief.

The foregoing statements are made subject to the penalties of 18 P.A.C.S. §4904 relating to unsworn falsification to authorities.

Dated: March 8, 2016

_Michael I. McDermott_
Michael I. McDermott, Esquire

## PROOF OF SERVICE

I hereby certify that on March 8, 2016, a copy of the foregoing was filed electronically. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's system:

Service by electronic filing to:

> Aaron Shotland, Esquire
> Assistant City Solicitor
> City of Philadelphia Law Department
> 1515 Arch Street
> 5th Floor,
> Philadelphia, PA 19102

> *Michael I. McDermott*
> Michael I. McDermott, Esquire
> Attorney Identification No.: 52917
> Attorney for Plaintiff
> 1026 Winter Street
> Suite 200
> Philadelphia, PA 19107
> (215) 925-9732

Date: March 8, 2016