# IN THE UNITED STATES DISTRICT COURT OF APPEAL
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DURANT T. TISDALE, <br> Plaintiff <br> vs. <br><br> THE CITY OF PHILADELPHIA, <br> POLICE OFFICER TIMOTHY GIBSON, and <br> POLICE OFFICER DAVID SHERWOOD <br> Defendants | CIVIL ACTION <br> No. 2:15-CV-05209 |

## NOTICE OF APPEAL

Plaintiff, Durant T. Tisdale, hereby appeal to the United District Court of Appeal of the third Circuit from the Order (Doc. 23: Order of Motion for Summary Judgment ) entered in this action on the 11th day of March, 2016. This order has been entered in the docket as evidenced by the attached copy of the docket entry.

*Michael I. McDermott* (signature)

Michael I. McDermott, Esquire
Identification No.: 52917
Attorney for Petitioner,
Durant T. Tisdale
1026 Winter Street
Suite 200
Philadelphia, PA 19107
(215) 925-9732

Date: April 8, 2016

IN THE UNITED STATES DISTRICT COURT OF APPEAL
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DURANT T. TISDALE,<br>    Plaintiff<br>vs.<br><br>THE CITY OF PHILADELPHIA,<br>POLICE OFFICER TIMOTHY GIBSON, and<br>POLICE OFFICER DAVID SHERWOOD<br>    Defendants | CIVIL ACTION<br>No. 2:15-CV-05209 |

### CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2016, a copy of the foregoing was filed electronically. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's system:

Service by electronic filing to:

>Aaron Shotland, Esquire
>Assistant City Solicitor
>City of Philadelphia Law Department
>1515 Arch Street
>5th Floor,
>Philadelphia, PA 19102

_____
Michael I. McDermott, Esquire
Attorney Identification No.: 52917
Attorney for Plaintiff
Durant T. Tisdale
1026 Winter Street
Suite 200
Philadelphia, PA 19107
(215) 925-9732

Date: April 8, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DURANT T. TISDALE, <br> **Plaintiff,** <br> <br> v. <br> <br> THE CITY OF PHILADELPHIA, POLICE OFFICER TIMOTHY GIBSON, AND POLICE OFFICER SHERWOOD, <br> **Defendants.** | CIVIL ACTION <br> <br> <br> <br> NO. 15-5209 |

## ORDER

**AND NOW**, this 10th day of March, 2016, upon consideration of Defendants' Motion

For Summary Judgment (ECF No. 19), Plaintiff's Response thereto (ECF No. 20), and

Defendants' Reply (ECF No. 21), it is **HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment is **GRANTED** as to the City of Philadelphia; all claims (Counts I and II) against the City of Philadelphia are **DISMISSED WITH PREJUDICE**;[1]

2. Defendants' Motion for Summary Judgment is **GRANTED** as to Count III of the Amended Complaint against Police Officers Timothy Gibson and David Sherwood; Count III is **DISMISSED WITH PREJUDICE**;[2]

---

[1] Defendant, the City of Philadelphia argues, and the Plaintiff concedes, that pursuant to *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978) and its progeny summary judgment should be granted with respect to Plaintiff's claims that the City was deliberately indifferent to violations of his civil rights.

[2] Count III of Plaintiff's Amended Complaint consists of claims under 42 U.S.C. § 1983 for false arrest and malicious prosecution. As a preliminary matter, the record evidence is that Detective Sherwood was not involved in the arrest or the probable cause decision -- thus the claims against him must be dismissed.

The disposition of the Fourth Amendment claims against Officer Gibson turns on whether he had probable cause to arrest Tisdale. *Montgomery v. DeSimone*, 159 F.3d 120, 124 (3d Cir. 1998) (requiring plaintiff to establish an absence of probable cause to prevail on her Section 1983 malicious prosecution claim). The analysis starts with the Fourth Amendment prohibition on a police officer from arresting a citizen without probable cause. *Paff v. Kaltenbach*, 204 F.3d 425, 436 (3d Cir. 2000). Probable cause to arrest exists when an officer has information at the time of the arrest sufficient to lead a reasonable enforcement officer to believe that an offense has been

committed by the person to be arrested. *Id.* (citation omitted). It is a fluid concept the determination of which turns on the assessment of the facts in a given situation. *Id.* (citation omitted). The analysis must take into account the fact that an officer in considering a warrantless arrest determines whether there is probable cause "on the spot" and under pressure. *Id.* (citation omitted). Thus, the Court must take a common sense approach and determine the existence of probable cause based on the "totality of the circumstances." *Id.* (citation omitted).

The undisputed facts here are that on the night of July 5, 2013 a person by the name of Brenda Lee called 911 to report the theft of a grate from the basement window of her neighbor's house. The thief, she said, had placed the grate in a shopping cart. She told the 911 operator that the person she saw taking the grate was wearing a white baseball hat turned backwards, a black shirt and black pants – information which was provided by radio to Police Officer Timothy Gibson who was on duty with his partner in a squad car.

Meanwhile, Lee followed the suspect in her car and stayed on the phone with the 911 operator. When the parties – Lee, Tisdale and the officers in the squad car – converged at another location Lee positively identified Tisdale as the person who she saw taking the grate from a basement window.

All agree that at the time of his arrest, Tisdale did not have the grate, a shopping cart and/or any tools on or/about his person and that Lee could not later tell the police where the grate and shopping cart were. Tisdale told police that he did not take the grate; that he was on parole and didn't want any trouble; and that he was on his way home from work. The police searched the area and did not find the grate and/or the shopping cart.

There is some dispute about what Tisdale was wearing at the time of the arrest. Gibson testified that he was wearing a black shirt and white hat, matching the flash description of the suspect received over the radio. Tisdale controverts this testimony: He says that at the time of his arrest he was wearing his Philadelphia Phillies work uniform, which consisted of a blue baseball cap with a red P on the front and his uniform shirt, a darker gray polo shirt emblazoned with the Phillies logo. While he does not dispute that a photo taken of him at the police station after the arrest show him wearing a black t-shirt, he says he changed his Phillies shirt for a black t-shirt (which he had with him in a book bag at the time of his arrest) after a night spent in a holding cell.

A positive identification of a perpetrator by a witness to a crime is usually sufficient to establish probable cause. *Wilson v. Russo*, 212 F.3d 781, 790 (3d Cir. 2000) (citation omitted). However, this precept is not absolute: where the officer knows of "[i]ndependent exculpatory evidence" or there is "substantial evidence of the witness's own unreliability" that evidence could outweigh the identification such that probable cause does not exist. *Id.* (citation omitted). Plaintiff's arguments suggest (without specifically addressing the matter head on) that both such circumstances exist here.

Plaintiff argues that the information provided by Lee to the police is suspect because although she says she followed the suspect in her car, she could not tell the officers the location of the grate and cart and they could not find it. Those facts, however, are not relevant to the issue of whether the officers had probable cause to arrest. The location of the grate and the cart had no bearing on their decision to arrest. That decision was based off the flash information given over the police radio describing what the perpetrator looked like and what he was wearing, Joint Appendix ("JA") 67-68, 75, 86 (Gibson Dep.) & 148-49 (Whittaker Dep.), and on Lee's positive identification of Tisdale. JA 17 (Tisdale Dep.) ("A woman pulled up. The police officer pulled up second behind

2

3. The Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims; accordingly, they are **DISMISSED** pursuant to 28 U.S.C. § 1367(c);

4. The Clerk of Court is directed to close this case.

**BY THE COURT:**

**/S/WENDY BEETLESTONE, J.**

---

**WENDY BEETLESTONE, J.**

---

her. She got out of the car and she pointed in my direction and said, 'That's him.'").

The Plaintiff next suggests that the differing accounts of what he was wearing – she said, a white baseball hat, a black shirt and black pants; he said, a blue baseball hat and a darker gray Phillie's polo shirt – undercuts her positive identification. However, as in the case of *Wilson*, the strongest inculpatory evidence is the positive identification. In that case, although the eyewitness had described the robber as someone standing 6' 3" to 6' 5" tall, she subsequently positively identified a man who was four to seven inches shorter. Nevertheless, the Third Circuit found that "this indication of unreliability does not, from the vantage point of the arresting officer, fatally undermine the forceful positive identification." *Id.* at 791. Similarly, in *Sharrar v. Felsing*, where a victim had provided the name of her assailant in a 911 call and then identified a person with a different name which person was arrested, the Third Circuit found that the officer had probable cause to arrest him. 128 F.3d 810, 818 (3d Cir. 1997). Here, as in *Sharrar*, the officer received information from an eye witness who it seemed reasonable to believe was telling the truth. Thus, from a careful consideration of the applicable law and the evidence of record, the Court concludes that there is no genuine issue of material fact from which a jury could find that Officer Gibson did not have probable cause to arrest.

3

4